## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Richmond Division

**VICTORIA L. FRAZIER,**

**Plaintiff**

CIVIL NO.

**EXPERIAN INFORMATION SOLUTIONS, INC.**

3:11CV497

| SERVE: | David N. Anthony, Registered Agent |
| | 1001 Haxall Point |
| | Richmond, VA 23219 |

**and**

**TRANS UNION, LLC.**

| SERVE: | Corporation Service Company, Registered Agent |
| | 11 S. 12th Street |
| | Richmond, VA 23218 |

**and**

**LITTON LOAN SERVICING, L.P.**

| SERVE: | Corporation Service Company, Registered Agent |
| | 11 S. 12th Street |
| | P.O. Box 1463 |
| | Richmond, VA 23218 |

**Defendants.**

## COMPLAINT

COMES NOW the Plaintiff, Victoria L. Frazier, (hereafter collectively the "Plaintiff") by

counsel, and for his complaint against the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

## JURISDICTION

2. The jurisdiction of this Court is conferred by 28 U.S.C. § 1331 and 15 U.S.C. §1681(p). Venue is proper as Defendants maintain their registered offices within the boundaries for the Eastern District of Virginia, Plaintiff resides in this District and Division and significant parts of the Plaintiff's claim occurred in Virginia.

## PARTIES

3. The Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC.** ("*Experian*") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

5. Upon information and belief, *Experian* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, **TRANS UNION, LLC.** ("*Trans Union*") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

8. Upon information and belief, *Trans Union* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Trans Union* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, **LITTON LOAN SERVICING, L.P.** ("*Litton*") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia as a mortgage loan servicing company.

## FACTS

11. Prior to, on or about and after August 24, 2010, Plaintiff obtained a copy of her credit reports with *Experian* and *Trans Union* and learned that each was reporting a mortgage account for which Plaintiff was not responsible.

12. On or about February 2, 2011 Plaintiff forwarded a written dispute letter to *Experian* and *Trans Union* regarding the inaccurate mortgage account reporting within her credit report with *Litton*.

13. The *Litton* reporting's were false. The Plaintiff never signed the applications for credit and was never legally responsible for the repayment of the said account.

14. On or about February 24, 2011, *Experian* responded to Plaintiff's dispute by advising that the *Litton* account had been "verified".

15. On or about February 16, 2011, *Trans Union* provided its Investigation Results that stated that the *Litton* account had been "verified".

3

16.    On or about March 8, 2011 Plaintiff forwarded another written dispute letter to *Experian* and *Trans Union* regarding the inaccurate mortgage account reporting within her credit report with *Litton*.

17.    On or about March 22, 2011, *Experian* responded to Plaintiff's dispute by advising that the *Litton* account had already been investigated and that the credit grantor had verified its accuracy.

18.    On or about March 18, 2011, *Trans Union* provided its Investigation Results that stated that the *Litton* account had been "verified".

19.    Again, Defendants each received, but ignored the Plaintiff's disputes and did refuse to delete the inaccurate information regarding the mortgage account from the Plaintiff's credit file.

20.    Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the inaccurate account.

21.    After receiving Plaintiff's notices of the inaccuracies and within the two years preceding the filing of this action, *Experian* and *Trans Union* each prepared and published to third parties multiple inaccurate consumer reports about Plaintiff which contained the inaccurate derogatory accounts.

22.    Upon information and belief, Plaintiff alleges that on one or more occasions *Experian* and *Trans Union* each forwarded Plaintiff's disputes to *Litton*. Upon information and belief, *Litton* was provided notice of Plaintiff's disputes and despite this notice, it failed and refused to investigate and correct its inaccurate reporting.

4

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681e(b)
## (EXPERIAN and TRANS UNION)

23. The Plaintiff realleges and incorporates paragraphs 1 through 22 above as if fully set out herein.

24. Defendants, *Experian* and *Trans Union* each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

25. As a result of the conduct, actions and inactions of *Experian* and *Trans Union* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

26. *Experian* and *Trans Union's* conduct, actions and inactions were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, the *Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

27. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(1)
### (EXPERIAN and TRANS UNION)

28.  Plaintiff realleges and incorporates paragraphs 1 through 27 above as if fully set out herein.

29.  Defendants, *Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

30.  As a result of the conduct, actions and inactions of Defendants, *Experian* and *Trans Union*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

31.  Defendants, *Experian* and *Trans Union's* conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Defendants, *Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

32.  The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C. 1681i(a)(2)**
**(EXPERIAN and TRANS UNION)**

33. Plaintiff realleges and incorporates paragraphs 1 through 32 above as if fully set out herein.

34. Defendants, *Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide to *Litton* all relevant information regarding the Plaintiff's dispute.

35. As a result of the conduct, actions and inactions of Defendants, *Experian* and *Trans Union*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

36. Defendants, *Experian* and *Trans Union's* conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, *Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

37. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C. 1681i(a)(4)**
**(EXPERIAN and TRANS UNION)**

38. Plaintiff realleges and incorporates paragraphs 1 through 37 above as if fully set out herein.

39. Defendants, *Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

40. As a result of the conduct, actions and inactions of Defendants, *Experian* and *Trans Union*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

41. Defendants, *Experian* and *Trans Union's* conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, *Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

42. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(5)(A)
### (EXPERIAN and TRANS UNION)

43. Plaintiff realleges and incorporates paragraphs 1 through 42 above as if fully set out herein.

44. Defendants, *Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

45. As a result of the conduct, actions and inactions of Defendants, *Experian* and *Trans Union*, the Plaintiff suffered actual damages including without limitation, by example only and

as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

46. Defendants, *Experian* and *Trans Union's* conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, *Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

47. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

46. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681s-2(b)(1)(A)**
**(LITTON)**

47. Plaintiff realleges and incorporates paragraphs 1 through 46 above as if fully set out herein.

48. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Litton* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the representations.

49. As a result of this conduct, action and inaction of *Litton*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's

9

behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

50. *Litton's* conduct, action and inactions were willful, rendering *Litton* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Litton* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

51. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Litton* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)(1)(B)
### (LITTON)

52. Plaintiff realleges and incorporates paragraphs 1 through 51 above as if fully set out herein.

53. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Litton* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

54. As a result of this conduct, action and inaction of *Litton*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

55. *Litton* was willful, rendering *Litton* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Litton* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

56.  The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Litton* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(C) and (D)
### (LITTON)

57.  Plaintiff realleges and incorporates paragraphs 1 through 56 above as if fully set out herein.

58.  On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Litton* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b(1)(C) and (D) by publishing the *Litton* representations within Plaintiff's credit file with *Experian* and *Trans Union* without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

59.  As a result of this conduct, action and inaction of *Litton*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

60.  *Litton's* conduct, action and inactions were willful, rendering *Litton* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *Litton* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

61.  The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Litton* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

**VICTORIA L. FRAZIER,**

By_____
Of Counsel

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

Kristi Cahoon Kelly, VSB #72791
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400
(703) 591-9285
E-mail: kkelly@siplfirm.com