UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| VICTORIA L. FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL DOCKET NO: 3:11cv497-JRS |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC, TRANS UNION | ) | |
| LLC, AND LITTON LOAN | ) | |
| SERVICING, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## LITTON LOAN SERVICING, LP'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes the named Defendant Litton Loan Servicing, LP ("Litton"), and submits this response in opposition to Plaintiff's Motion for Partial Summary Judgment [Doc. 28], and Plaintiff's Memorandum in Support of Her Motion for Partial Summary Judgment [Doc. 29].

In sum, Plaintiff has moved for summary judgment on two elements: (1) the accuracy of the information furnished by Litton on Plaintiff concerning the mortgage on Plaintiff's home; and (2) the reasonableness of Litton's investigation. The underlying factual gist of Plaintiff's motion is that Litton furnished information about Plaintiff to credit bureaus concerning a mortgage on Plaintiff's home, to which Plaintiff contends she was not obligated; thereby allegedly rendering the information furnished inaccurate.

Plaintiff, though, concedes that if the information furnished by Litton was accurate, then Plaintiff's motion must fail. *See* Plaintiff's Memorandum of In Support of Her Motion for Partial Summary Judgment [Doc. 29], p. 17. Accordingly, Plaintiff's motion for summary judgment,

and accordingly her Fair Credit Reporting Act ("FCRA") claims against Litton, turn on the accuracy of the information furnished by Litton.

Here, the undisputed evidence is that the information furnished by Litton was accurate. Plaintiff plainly executed the "Adjustable Rate and Balloon Rider" wherein she expressly agreed to be responsible for the payment of the mortgage on the property. And even assuming *arguendo* that Plaintiff did not actually sign any documents obligating her to pay the mortgage on the property, she is still responsible for payment of the mortgage as a matter of law pursuant to the doctrine of necessaries as codified in *Va. Code* § 55-37 and as suggested in other jurisprudence.

Therefore, Litton (<u>not</u> Plaintiff) is entitled to, and hereby demands, summary judgment in its favor as a matter of law pursuant to Rule 56(f) of the *Federal Rules of Civil Procedure* on the element of the accuracy of Litton's furnishing information concerning Plaintiff's obligation for the mortgage on the property. Alternatively, a genuine issue of material fact exists concerning the accuracy of the information furnished, and therefore, neither party is entitled to summary judgment. Either way, Plaintiff's motion for summary judgment on both of the elements she raises therein must be denied.

Moreover, Plaintiff's motion for summary judgment on the element of the reasonableness of Litton's investigation is moot, or alternatively, unsupported (to which Litton objects) and is otherwise a question of fact for trial. To the extent, however, that the Court finds that the reasonableness of Litton's investigation is ripe and sufficiently supported in the pending motion, then Litton requests additional time in accordance with Rule 56(d) -(e) of the *Federal Rules of Civil Procedure* to obtain affidavits concerning its investigation and that it otherwise be given an opportunity to address this element further.

I.      **Statement of Genuine Issues of Material Fact.**

Plaintiff asserts a number of purported undisputed facts in her supporting memorandum. *See* Plaintiff's Memorandum in Support of Her Motion for Partial Summary Judgment [Doc. 29, pp. 3-6]. Many of Plaintiff's purportedly undisputed facts, however, are either: (a) Not facts, but instead inadmissible opinions and/or hearsay; (b) Insufficiently supported in violation of Rule 56(c) of the *Federal Rules of Civil Procedure*; (c) Entirely irrelevant on the pending issues before the Court, and therefore, not be to be counted; or (d) Disputed. Litton responds to each of the 21 Paragraphs of Plaintiff's purported statement of undisputed facts, and asserts additional facts, as follows:

1.      Responding to Paragraph 1 of Plaintiff's statement, Litton does not dispute the facts set forth therein.

2.      Responding to Paragraph 2 of Plaintiff' statement, Litton does not dispute for purposes of summary judgment only that both Plaintiff and her husband Harry Frazier appear on the title to Plaintiff's home. Litton also does not dispute that only Harry Frazier's signature appears on the document attached as Exhibit B [Doc. 29-2, pp. 1-4].

3.      Responding to Paragraph 3 of Plaintiff's statement, Litton does not dispute that the mortgage and loan documents on Plaintiff's home speak for themselves. Litton does, however, dispute that Plaintiff never agreed to pay any loan on the home. As an initial matter, Plaintiff only supports this Paragraph of her statement with a self-serving affidavit from herself. As set forth in the Argument section below, such is insufficient support for an alleged fact under Rule 56, and Litton hereby objects thereto in accordance with Rule 56(c) of the *Federal Rules of Civil Procedure*. In addition, Litton offers the additional fact that Plaintiff did sign the "Adjustable Rate and Balloon Rider," wherein as discussed in the Argument section below,

Plaintiff expressly agreed to be responsible for the payment of the mortgage on the property. *See* Adjustable Rate and Balloon Rider [Doc. 29-4, pp. 22-24].

4.    Responding to Paragraph 4 of Plaintiff's statement, Litton does not dispute that the mortgage and loan documents on Plaintiff's home, including but not limited to the document attached as Exhibit B [Doc. 29-2, pp. 1-4], speak for themselves.

5.    Responding to Paragraph 5 of Plaintiff's statement, Litton does not dispute that the mortgage and loan documents on Plaintiff's home, including but not limited to the document attached as Exhibit B [Doc. 29-2, pp. 1-4], speak for themselves.

6.    Responding to Paragraph 6 of Plaintiff's statement, Litton does not dispute that the mortgage and loan documents on Plaintiff's home, including but not limited to the document attached as Exhibit C [Doc. 29-3, pp. 1-3], speak for themselves.

7.    Responding to Paragraph 7 of Plaintiff's statement, Litton does not dispute for purposes of summary judgment only that Plaintiff handled the household finances for her family. Litton does, however, dispute Plaintiff's assertions as to Litton's alleged comments and actions. Plaintiff only supports this Paragraph of her statement with a self-serving affidavit from herself. In addition, she asserts unfounded hearsay in her self-serving affidavit wherein she fails to identify any persons who allegedly made the comments or undertook the actions on behalf of Litton. Litton, an entity, does not itself have a voice or ability to act. As set forth in the Argument section below, such a self-serving affidavit is insufficient support for an alleged fact under Rule 56, and Litton hereby objects thereto in accordance with Rule 56(c) of the *Federal Rules of Civil Procedure*. Moreover, without waiving its objection, Litton asserts the additional fact that through Plaintiff's own self-serving affidavit, she has implicitly admitted her obligation to pay the mortgage. *See* Declaration of Victoria L. Frazier ¶¶ 10-11 [Doc. 29-1]. That is,

Plaintiff's admission that she allegedly tried to make payments over the phone and otherwise discussed (or at least tried to discuss) the mortgage over the phone with Litton, clearly demonstrates her obligation to pay the mortgage -- for otherwise, why would she undertake such alleged actions. *See Id.*

8.     Responding to Paragraph 8 of Plaintiff's Statement, Litton objects as Plaintiff has not asserted any facts therein.  Instead, Plaintiff merely asserts opinions (which are not even under oath) of a purported "expert" attorney on questions of law -- which questions are within the sole purview of this Court[1] -- and whose opinions are subject to vigorous cross-examination at trial should the Court even deem the purported expert competent to testify. *See also* FN # 5, *infra*. Moreover without waiving its objections, Litton asserts that the purported expert clearly overlooked as a matter of law the significance of the "Adjustable Rate and Balloon Rider." *See* Doc. 29-4, pp. 22-24; *See also* Paragraph 3, *supra*.

9.     Responding to Paragraph 9 of Plaintiff's Statement, Plaintiff's allegation therein is only supported by a self-serving affidavit.  In addition, the citation to the record (specifically, Paragraph 12 of the Declaration of Victoria L. Frazier [Doc. 29-1]) does not support Plaintiff's assertion as alleged.  That is, in her Statement of Facts, Plaintiff states:

> In August 2010, Ms. Frazier I obtained copies of her credit reports and learned for the first time that Litton reported a mortgage in her name to Experian, Equifax and Trans Union.

*See* Plaintiff's Memorandum in Support of Her Motion for Partial Summary Judgment p. 4, ¶ 9 [Doc. 29].  However, the record citation only provides as follows:

> In August 2010, I obtained copies of my credit reports from Experian, Equifax and Trans Union.

---

[1] Attorneys argue points of law, while Courts decide points of law.  It is a violation of due process to permit an attorney to pose as an expert on the law in an attempt to usurp the Court's inherent power and duty to determine the law.

*See* Declaration of Victoria L. Frazier ¶ 12 [Doc. 29-1]. Therefore, Litton objects in accordance with Rule 56(c) of the *Federal Rules of Civil Procedure*. In addition, Litton asserts the additional facts that nowhere in Plaintiff's affidavit does she verify that at no time prior to August 2010 did she obtain a copy of her credit reports so as to put her on notice of the reporting in her name to the credit bureaus. *See generally* Declaration of Victoria L. Frazier [Doc. 29-1].

10. Responding to Paragraph 10 of Plaintiff's Statement, Plaintiff's allegation therein is only supported by a self-serving affidavit. In addition, the citation to the record (specifically, Paragraph 14 of the Declaration of Victoria L. Frazier [Doc. 29-1]) does not support Plaintiff's assertion as alleged. *Compare* Plaintiff's Memorandum in Support of Her Motion for Partial Summary Judgment p. 5, ¶ 10 [Doc. 29] *with* Declaration of Victoria L. Frazier ¶ 14 [Doc. 29-1]. In addition, Litton further objects to the spin that Plaintiff places on the information set forth in the credit reports she references. The Best Evidence Rule requires Plaintiff to produce the specific credit reports to which she is referencing, which she has not done. Therefore, Litton objects in accordance with Rule 56(c) of the *Federal Rules of Civil Procedure*.

11. Responding to Paragraph 11 of Plaintiff's Statement, Litton disputes Plaintiff's assertions. Plaintiff only supports this Paragraph with a self-serving affidavit from herself. In addition, she asserts unfounded hearsay in her self-serving affidavit wherein she fails to identify any persons who allegedly refused to speak to her on behalf of Litton; and asserts her inadmissible opinions as to why Litton allegedly would not speak to her. Litton, an entity, does not itself have a voice or ability to act. As set forth in the Argument section below, such a self-serving affidavit riddled with inadmissible hearsay and opinions is insufficient support for an alleged fact under Rule 56, and Litton hereby objects thereto in accordance with Rule 56(c) of the *Federal Rules of Civil Procedure*.

12.     Responding to Paragraph 12 of Plaintiff's Statement, Litton objects to Plaintiff's reliance on self-serving letters written by her and her counsel and riddled with inadmissible hearsay and opinions, as such is insufficient proof under Rule 56(c) of the *Federal Rules of Civil Procedure.*[2]

13.     Responding to Paragraph 13 of Plaintiff's Statement, Litton objects to Plaintiff's reliance on self-serving letters written by her and her counsel and riddled with inadmissible hearsay and opinions, as such is insufficient proof under Rule 56(c) of the *Federal Rules of Civil Procedure.*

14.     Responding to Paragraph 14 of Plaintiff's Statement, Litton objects to Plaintiff's reliance on her self-serving affidavit to support her allegations as to the actions of Equifax and Equifax's reasons therefore.  Plaintiff is not employed by Equifax and is not competent to so testify; and therefore, the purported proof is nothing more than inadmissible hearsay and opinions.  Accordingly, Litton objects to Paragraph 14 of Plaintiff's Statement, as the record citation is insufficient under Rule 56(c) of the *Federal Rules of Civil Procedure.*

15.     Responding to Paragraph 15 of Plaintiff's Statement, Litton objects to Plaintiff's reliance on her self-serving affidavit to support her allegations as to the alleged actions of Trans Union and Experian, and their reasons therefore.  Plaintiff is not employed by Trans Union or Experian and is not competent to so testify.  And both Trans Union and Experian have been dismissed from this action.  Therefore, the purported proof amounts to nothing more than inadmissible hearsay and opinions. *See* Order of Dismissal with Prejudice [Doc. 22]; Dismissal Order [Doc. 25].  Accordingly, Litton objects to Paragraph 15 of Plaintiff's Statement, as the record citation is insufficient under Rule 56(c) of the *Federal Rules of Civil Procedure.*

---

[2] Additionally, Plaintiff's purported facts in Paragraph 12-17 of her Statement are all irrelevant to the matters pending before the Court on the motion for partial summary judgment, and are not to be counted. *See Banner Life Insurance Co., v. Noel*, 2012 WL 508972 (E.D. Va., Feb. 15, 2012).

16.     Responding to Paragraph 16 of Plaintiff's Statement, Litton objects to Plaintiff's reliance on self-serving letters written by her and her counsel and riddled with inadmissible hearsay and opinions, as such is insufficient proof under Rule 56(c) of the *Federal Rules of Civil Procedure*.

17.     Responding to Paragraph 17 of Plaintiff's Statement, Litton objects to Plaintiff's reliance on her self-serving affidavit to support her allegations as to the alleged actions of Trans Union and Experian, and their reasons therefore. Plaintiff is not competent to so testify. And both Trans Union and Experian have been dismissed from this action. Therefore, the purported proof amounts to nothing more than inadmissible hearsay and opinions. *See* Order of Dismissal with Prejudice [Doc. 22]; Dismissal Order [Doc. 25]. Accordingly, Litton objects to Paragraph 17 of Plaintiff's Statement, as the record citation is insufficient under Rule 56(c) of the *Federal Rules of Civil Procedure*.

18.     Responding to Paragraph 18 of Plaintiff's Statement (which is repetitive of other Paragraphs in Plaintiff's Statement), Litton disputes the allegations therein. Plaintiff's allegations are only supported by a self-serving affidavit from herself, and a self-serving affidavit from her and/or her husband's attorney. *See* FN # 5, *infra*. Accordingly, Litton objects as this purported evidence is insufficient under Rule 56(c) of the *Federal Rules of Civil Procedure*. Litton also offers the additional fact that Plaintiff did sign the "Adjustable Rate and Balloon Rider," wherein as discussed in the Argument section below, Plaintiff expressly agreed to be responsible for the payment of the mortgage on the property. *See* Adjustable Rate and Balloon Rider [Doc. 29-4, pp. 22-24]; *See also* Paragraph 3, *supra*. Litton further asserts that Plaintiff is obligated on the mortgage as a matter of law under *Va. Code* § 55-37 and other jurisprudence as set forth in the

Argument, below. *See Va. Code* § 55-37; *See e.g.*, *Lundell v. CitiBank*, 92 F.3d 1192 (9th Cir.

1996). *See also*, Paragraphs 2, 7 & 11, *supra*.

19.     Responding to Paragraph 19 of Plaintiff's Statement, the allegation therein is not

supported by the citation. More particularly, in Paragraph 19 of her Statement, Plaintiff alleges:

> Nevertheless, Defendant still reported that the mortgage was Ms. Frazier's
> account.

*See* Plaintiff's Memorandum in Support of Her Motion for Partial Summary Judgment p. 24

[Doc. 29]. However, the citation upon which Plaintiff relies only provides as follows:

> Litton knows that the account is not mine, yet it still maintains that the account is
> mine.

*See* Declaration of Victoria L. Frazier ¶ 24 [Doc. 29-1].  Plaintiff's declaration is nothing more

than her self-serving opinion about Litton's knowledge, which is not admissible and which does

not constitute a fact under Rule 56.  And regardless, it does not support the alleged fact asserted

by Plaintiff in Paragraph 19 of her Statement.  Accordingly, Litton objects under Rule 56(c) of

the *Federal Rules of Civil Procedure* to Paragraph 19 of Plaintiff's Statement.  Moreover,

without waiving its objections, Litton does not dispute that it maintains that Plaintiff is obligated

on the mortgage for her home. *See* Adjustable Rate and Balloon Rider [Doc. 29-4, pp. 22-24];

*See also* Paragraph 3, *supra*; *See Va. Code* § 55-37; *See e.g.*, *Lundell v. CitiBank*, 92 F.3d 1192

(9th Cir. 1996).

20.     Responding to Paragraph 20 of Plaintiff's Statement, the allegation therein is not

supported by the citation. More particularly, in Paragraph 20 of her Statement, Plaintiff alleges:

> Despite the numerous direct communications and multiple FCRA disputes,
> Defendant never removed or corrected its inaccurate credit reporting.

*See* Plaintiff's Memorandum in Support of Her Motion for Partial Summary Judgment p. 24

[Doc. 29]. However, the citation upon which Plaintiff relies only provides as follows:

> Litton knows that the account is not mine, yet it still maintains that the account is mine.

*See* Declaration of Victoria L. Frazier ¶ 24 [Doc. 29-1].  Plaintiff's declaration is nothing more than her self-serving opinion about Litton's knowledge, which is not admissible and which does not constitute a fact under Rule 56.  And regardless, it does not support the alleged fact asserted by Plaintiff in Paragraph 20 of her Statement.  Accordingly, Litton objects under Rule 56(c) of the *Federal Rules of Civil Procedure* to Paragraph 20 of Plaintiff's Statement.  Moreover, without waiving its objections, Litton disputes Plaintiff's contention that Litton did not accurately report information concerning Plaintiff's obligation on the mortgage on the property.  *See* Adjustable Rate and Balloon Rider [Doc. 29-4, pp. 22-24]; *See also* Paragraph 3, *supra*; *See Va. Code* § 55-37; *See e.g.*, *Lundell v. CitiBank*, 92 F.3d 1192 (9th Cir. 1996); *See* Argument, *infra*.

21.     Responding to Paragraph 21 of Plaintiff's Statement, Plaintiff's allegation therein is not a fact, but instead an opinion expressed in a self-serving affidavit by Plaintiff's and/or her husband's attorney.  Accordingly, Litton objects under Rule 56(c) of the *Federal Rules of Civil Procedure*.  Moreover, without waiving its objections, Litton disputes Plaintiff's contention that Litton did not accurately report information concerning Plaintiff's obligation on the mortgage on the property.  *See* Adjustable Rate and Balloon Rider [Doc. 29-4, pp. 22-24]; *See also* Paragraph 3, *supra*; *See Va. Code* § 55-37; *See e.g.*, *Lundell v. CitiBank*, 92 F.3d 1192 (9th Cir. 1996); *See* Argument, *infra*.

## II.     Standard of Review.

This Court very recently summarized the standard of review on a Motion for Summary Judgment as follows:

> A motion for summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  The moving party bears the burden of establishing

the nonexistence of a triable issue of fact by "showing ... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986) (internal quotation marks omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Therefore, if the nonmoving party's evidence is only colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

In considering whether summary judgment is proper, the Court must look to whether a rational trier of fact, viewing the record in its totality, could find for the nonmoving party. *See Tuck v. Henkel Corp.,* 973 F.2d 371, 374 (4th Cir.1992) (citing *Anderson,* 477 U.S. at 248–49). All "factual disputes and any competing, rational inferences [are resolved] in the light most favorable to the party opposing [the] motion." *Rossignol v. Voorhaar,* 316 F.3d 516, 523 (4th Cir.2003) (quoting *Wightman v. Springfield Terminal Ry. Co.,* 100 F.3d 228, 230 (1st Cir.1996)) (internal quotation marks omitted).

*See Banner Life Insurance Co., v. Noel*, 2012 WL 508972 (E.D. Va., Feb. 15, 2012).

In addition, under the new Rule 56(f) of the *Federal Rules of Civil Procedure,* the Court may grant summary judgment for a non-movant.

## III.    Argument.

In Plaintiff's Motion for Partial Summary Judgment, she moves for summary judgment on two elements. *See* Plaintiff's Memorandum in Support of Her Motion for Partial Summary Judgment p. 19 [Doc. 29]. The first element is the accuracy of the information furnished by Litton on Plaintiff concerning the mortgage on Plaintiff's home. *Id.* The second element, which is dependent upon Plaintiff prevailing on the first element, is the reasonableness of Litton's investigation. *Id.*

For the reasons set forth herein and other good cause, Plaintiff is not entitled to summary judgment on either element; and instead, Litton is entitled to summary judgment on the first element, thereby rendering the second element moot. Both elements at issue are discussed in turn below.

1.   **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE ELEMENT OF THE ACCURACY OF INFORMATION FURNISHED BY LITTON ON PLAINTIFF CONCERNING THE MORTGAGE ON PLAINTIFF'S HOME SHOULD BE DENIED, AND SUMMARY JUDGMENT SHOULD BE ENTERED IN FAVOR OF LITTON ON SAID ELEMENT.**

The gist of Plaintiff's FCRA claims against Litton and the pending motion for partial summary judgment is that Litton furnished information to credit bureaus concerning a mortgage on Plaintiff's home.   Plaintiff contends that she was not obligated on that mortgage, and therefore, the information furnished was inaccurate.

Plaintiff, though, concedes that if the information furnished by Litton was accurate, then Plaintiff's claims must fail.  *See* Plaintiff's Memorandum of In Support of Her Motion for Partial Summary Judgment [Doc. 29], p. 17.  Accordingly, Plaintiff's claims and the pending motion for summary judgment turn on the accuracy of the information furnished by Litton.  If, as a matter of law, the information was inaccurate, then summary judgment on that element is warranted in favor of Plaintiff; whereas, if, as a matter of law, the information was accurate then summary judgment on that element is warranted in favor of Litton.[3]   However, if a genuine issue of material fact exists concerning the accuracy of the information furnished, then neither party is entitled to summary judgment.

Here, the undisputed evidence is that the information furnished by Litton was accurate, and therefore, Litton (not Plaintiff) is entitled to summary judgment as a matter of law. Alternatively, a genuine issue of material fact exists concerning the accuracy of the information furnished, and therefore, neither party is entitled to summary judgment.  Either way, Plaintiff's motion for summary judgment must be denied.

---

[3] Under new Rule 56(f) of the *Federal Rules of Civil Procedure*, the Court may grant summary judgment for a non-movant.  For the reasons set forth herein, the Court should grant summary judgment in favor of Litton concerning the accuracy of the information it furnished.

In short, Plaintiff plainly executed the "Adjustable Rate and Balloon Rider" wherein she expressly agreed to be responsible for the payment of the mortgage on the property, and therefore, furnishing information concerning Plaintiff's obligation on that mortgage was entirely accurate. Even assuming *arguendo* that Plaintiff did not actually sign any documents obligating her to pay the mortgage on the property, she is still responsible for payment of the mortgage as a matter of law, and therefore, furnishing information concerning Plaintiff's obligation on that mortgage was entirely accurate.

### A. PLAINTIFF PLAINLY EXECUTED THE "ADJUSTABLE RATE AND BALLOON RIDER" WHEREIN SHE EXPRESSLY AGREED TO BE RESPONSIBLE FOR THE PAYMENT OF THE MORTGAGE ON THE PROPERTY, AND THEREFORE, FURNISHING INFORMATION CONCERNING PLAINTIFF'S OBLIGATION ON THAT MORTGAGE WAS ENTIRELY ACCURATE.

Plaintiff's signature plainly appears on the face of the "Adjustable Rate and Balloon Rider" (the "Note"). *See* Adjustable Rate and Balloon Rider [Doc. 29-4, pp. 22-24]. In Section 3 of the Note, which is titled "Payments," Plaintiff plainly agrees to pay all amounts owed on the mortgage of the property. *See* Adjustable Rate and Balloon Rider [Doc. 29-4, p. 23]. Specifically, Plaintiff agreed as follows:

> ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:
>
> * * * * *
>
> 3.   PAYMENTS
>
> (A)   TIME AND PLACE OF PAYMENTS
>
> I will pay principal and interest by making a payment ever month. I will make my monthly payment on the first day of each month beginning on 08/01/2006. I will make these payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its

scheduled due date and will be applied to Interest before Principal. On July 01, 2036 (which is called "Maturity Date"), I will pay the entire unpaid Principal balance of this Note, together with all accrued and unpaid interest and all charges due under this Note, in a single payment (the "Balloon Payment"). I understand and acknowledge that the Balloon Payment due on the Maturity Date will be much larger than a regular monthly payment and that the Note Holder has no obligation to refinance the Balloon Payment.

I will make my monthly payments at 2727 East Imperial Highway, Bree, CA 92821 or at a different place if required by the Note Holder.

(B)     Amount of Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $4,816.43. This amount may change.

*See* Adjustable Rate and Balloon Payment Rider [Doc. 29-4, p. 23]. Plaintiff's signature plainly appears on the Note as a "Borrower," and the Note plainly provides that "BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate and Balloon Payment Rider." *See* Adjustable Rate and Balloon Payment Rider [Doc. 29-4, p. 23]. Accordingly, Plaintiff was clearly obligated to pay for the mortgage on the property.[4]

Moreover, Plaintiff cannot defeat the plain terms of the Note and the presence of her signature on that Note, by a self-serving affidavit wherein she concludes, for example, that she never signed anything obligating her to pay for the mortgage on the property. *See* Declaration of Victoria L. Frazier ¶ 5 [Doc. 29-1, p. 1]. This Court has consistently held over time that such self-serving affidavits are not sufficient to warrant a party to prevail on summary judgment or to prevent another party from obtaining summary judgment. *See Greene v. National Head Start Association, Inc.*, 2010 WL 1779677 (E.D. Va., April 30, 2010) *citing Haywood v. North Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997) (stating that conclusory allegations and

---

[4] Plaintiff admits that she has not paid for the mortgage on the property. *See generally*, Declaration of Victoria L. Frazier [Doc. 29-1]. The gist of Plaintiff's dispute herein is that she was allegedly not obligated on the mortgage, *not* that the mortgage has been timely paid.

self-serving affidavits are not sufficient on summary judgment); *U.S. v. Eighteenth Century Peruvian Oil on Canvas Painting*, 597 F.Supp.2d 618, 625 (E.D. Va., 2009); *Crumel v. Hampton University*, 2005 WL 3357315, *7 (E.D. Va., 2005); *Power v. Kaiser Foundation*, 87 F.Supp.2d 545, 556 (E.D. Va., 2000). In addition, Plaintiff cannot claim that the "co-signer" language in Section 13 of the separate "Deed of Trust" relieves her from her obligation for payment of the mortgage. *See* Deed of Trust [Doc. 29-4, p.13]. The Note signed by Plaintiff plainly provides that it "is **incorporated into** and **shall be deemed to amend and supplement** the Mortgage, Deed of Trust, or Security Deed . . ." *See* Adjustable Rate and Balloon Payment Rider [Doc. 29-4, p. 23] (bold emphasis added). Accordingly, the Note came later in time than the Deed of Trust. Alternatively, at best for Plaintiff, any such arguments by Plaintiff only create a genuine issue of material fact concerning whether Plaintiff was obligated on the mortgage for the property. To be perfectly clear, though, Litton does not believe that any such genuine issue of material fact exists -- as Plaintiff plainly obligated herself to pay the mortgage as set forth in the preceding paragraphs.

Thus, as Plaintiff has plainly executed the Note wherein she expressly agreed to be responsible for the payment of the mortgage, Litton's furnishing of information concerning Plaintiff's obligation on that mortgage was entirely accurate.

**B.      EVEN ASSUMING *ARGUENDO* THAT PLAINTIFF DID NOT ACTUALLY SIGN ANY DOCUMENTS OBLIGATING HER TO PAY THE MORTGAGE ON THE PROPERTY, SHE IS STILL RESPONSIBLE FOR PAYMENT OF THE MORTGAGE AS A MATTER OF LAW UNDER THE DOCTRINE OF NECESSARIES AND OTHER JURISPRUDENCE, AND THEREFORE, FURNISHING INFORMATION CONCERNING PLAINTIFF'S OBLIGATION ON THAT MORTGAGE WAS ENTIRELY ACCURATE.**

Even assuming *arguendo* that Plaintiff did not sign any notes obligating her to pay the mortgage on the property (which Litton denies), Plaintiff is still responsible for payment of the

mortgage as a matter of law. More Particularly, Plaintiff concedes that Harry Frazier (whom she does not contest is obligated on the mortgage of the property) is **her husband**, that the property has been **her home** since 2006 (which was also the same year of the mortgage on the property at issue), that **she is a co-owner of the home**, and that **she handles the household finances for the family**. *See* Declaration of Victoria L. Frazier [Doc. 29-1]. Accordingly, Plaintiff is obligated on the mortgage of the property under the doctrine of necessaries.

The doctrine of necessaries has been codified in *Va. Code* § 55-37, which deals with property and conveyances, as an exception to the general rule in the Commonwealth of Virginia that a spouse is not responsible for the other spouse's contract to a third party. *See Va. Code* § 55-37. As explained in the *Virginia Practice Series*, the doctrine of necessaries requires one spouse to buy for the other spouse necessaries, which includes shelter. *See VAPRAC FL* § 4:7 (attached). Under this doctrine the non-contracting spouse is still responsible for the other spouse's contract to a third party so long as the contract is for a necessary. It goes without saying that a spouse's home is a necessary, and therefore, Plaintiff is obligated on the mortgage for her home. This result is consistent with other jurisprudence as well. *See e.g., Lundell v.. Citibank*, 92 F.3d 1192 (9th Cir. 1996). (wherein both spouses were obligated for repayment of a Promissory Note, wherein only one spouse signed the Note but both spouses signed the Deed of Trust).

Moreover, Plaintiff cannot displace the law of the Commonwealth of Virginia by self-serving affidavits from herself [Doc. 29-1], a purported "expert" attorney on the law [Doc. 29-4, pp. 1-5], and an attorney (namely Olga Campos-Jorge Macias) who represents Plaintiff's husband and/or Plaintiff [Doc. 29-7].[5] As indicated above, this Court has consistently held over

---

[5] Attorney Kristi Cahoon Kelly of the firm Surovell, Isaacs, Peterson & Levy, PLC has entered an appearance in this case as co-counsel for Plaintiff. Upon information and belief, Attorney Macias is also with attorney Kelly's firm,

time that such self-serving affidavits are not sufficient to warrant a party to prevail on summary judgment or to prevent another party from obtaining summary judgment. *See Greene v. National Head Start Association, Inc.*, 2010 WL 1779677 (E.D. Va., April 30, 2010) *citing Haywood v. North Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997) (stating that conclusory allegations and self-serving affidavits are not sufficient on summary judgment); *U.S. v. Eighteenth Century Peruvian Oil on Canvas Painting*, 597 F.Supp.2d 618, 625 (E.D. Va., 2009); *Crumel v. Hampton University*, 2005 WL 3357315, *7 (E.D. Va., 2005); *Power v. Kaiser Foundation*, 87 F.Supp.2d 545, 556 (E.D. Va., 2000).

Thus, even assuming *arguendo* that Plaintiff did not actually sign any documents obligating her to pay the mortgage on the property (which is denied by Litton), she is still responsible for payment of the mortgage as a matter of law under the doctrine of necessaries as codified in *Va. Code* § 55-37 and as suggested in other jurisprudence; and therefore, Litton's furnishing information concerning Plaintiff's obligation on that mortgage was entirely accurate.

2.   **PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT ON THE ELEMENT OF THE REASONABLENESS OF LITTON'S INVESTIGATION IS MOOT, OR ALTERNATIVELY, UNSUPPORTED AND OTHERWISE A QUESTION OF FACT FOR TRIAL.**

In passing, Plaintiff requests summary judgment on the issue of whether Litton performed a reasonable investigation. *See e.g.*, Plaintiff's Memorandum in Support of Her Motion for Summary Judgment [Doc. 29, p. 19].

---

and Attorney Macias is identified as a recipient for electronic filings in this case along with Attorney Kelly. In Attorney Macias' affidavit, she attempts to give self-serving testimony concerning alleged comments by alleged Litton employees, who are not even 30(b)(6) representatives of Litton. Therefore, even assuming *arguendo* that such comments were made, those comments would not be binding on Litton. In addition, the alleged comments pertain to opinions of law, and therefore, are neither admissible or binding. And the same also holds true for the purported opinions of Plaintiff's "expert" attorney, whose opinions are not even under oath. Although the respective parties can argue their position on the state of the applicable law, it is this Court that determines the matters of law in this action.

As an initial matter, and as indicated above, Plaintiff herself concedes that the issue of Litton's investigation is moot if the information furnished was accurate. *See* Plaintiff's Memorandum of In Support of Her Motion for Partial Summary Judgment [Doc. 29], p. 17. As set forth in Sections "A" and "B" above, the information furnished was accurate. Therefore, Plaintiff's request for summary judgment on the issue of Litton's investigation is moot, and the Court should not consider it further.

Alternatively, Plaintiff's motion for partial summary judgment concerning the reasonableness of Litton's investigation, which Plaintiff acknowledges is generally a jury question (*see, e.g.*, Plaintiff's Motion for Partial Summary Judgment [Doc. 29, p. 15]), amounts to nothing more than a series of unsupported conclusions proclaimed by Plaintiff and/or an attorney representing her and/or her husband. Accordingly, Litton objects to the Court further considering Plaintiff's motion on this element, as the requirements of Rule 56 of the *Federal Rules of Civil Procedure* have not been met by Plaintiff. This is plainly demonstrated by a review of Plaintiff's supporting reasons in her brief -- which are devoid of any citations to the record of admissible evidence. *See* Plaintiff's Memorandum in Support of Her Motion for Summary Judgment [Doc. 29, pp. 13-16]; *See also*, FN # 5, *supra*.

To the extent, however, that the Court finds that the reasonableness of Litton's investigation is not moot concerning the pending motion for summary judgment (which Litton denies), and that it has been properly supported with material facts by Plaintiff (which Litton also denies); then Litton requests that the Court grant it additional time to obtain affidavits concerning its investigation and that it otherwise be given an opportunity to address this element further (which as indicated Litton does not believe was properly supported by Plaintiff) in accordance with Rule 56(d)-(e) of the *Federal Rules of Civil Procedure*. Whether by coincidence or not,

Plaintiff's motion for summary judgment was filed a few days after Plaintiff, upon information belief, learned of Litton's substitution of counsel. In addition, Litton was recently acquired by a new parent company, and under such circumstances in this economy, additional time (i.e., more than the 14 days -- 11 days by local rule plus 3 days for electronic service-- within which Litton had to respond to Plaintiff's pending motion) is needed to compile and submit affidavits on the factual issue of the reasonableness of Litton's investigation.

## IV.    Conclusion.

In conclusion, the undisputed evidence is that the information furnished by Litton was accurate. Plaintiff plainly executed the "Adjustable Rate and Balloon Rider" wherein she expressly agreed to be responsible for the payment of the mortgage on the property. And even assuming *arguendo* that Plaintiff did not actually sign any documents obligating her to pay the mortgage on the property, she is still responsible for payment of the mortgage as a matter of law pursuant to the doctrine of necessaries as codified in *Va. Code* § 55-37 and as suggested in other jurisprudence.

Therefore, Litton (not Plaintiff) is entitled to, and hereby demands, summary judgment in its favor as a matter of law pursuant to Rule 56(f) of the *Federal Rules of Civil Procedure* on the element of the accuracy of Litton's furnishing information concerning Plaintiff's obligation for the mortgage on the property. Alternatively, a genuine issue of material fact exists concerning the accuracy of the information furnished, and therefore, neither party is entitled to summary judgment. Either way, Plaintiff's motion for summary judgment on both of the elements she raises therein must be denied.

Moreover, Plaintiff's motion for summary judgment on the element of the reasonableness of Litton's investigation is moot, or alternatively, unsupported (to which Litton objects) and is

otherwise a question of fact for trial.  To the extent, however, that the Court finds that the reasonableness of Litton's investigation is ripe and sufficiently supported in the pending motion, then Litton requests additional time in accordance with Rule 56(d) -(e) of the *Federal Rules of Civil Procedure* to obtain affidavits concerning its investigation and that it otherwise be given an opportunity to address this element further.

DATED this 24th day of February, 2012.

Respectfully submitted,

**LITTON LOAN SERVICING, LP**

/s/ Gary L. Edwards
Gary L. Edwards, Esq.
VA Bar No. 44848
Attorney for Litton Loan Servicing, LP
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
100 Med Tech Parkway, Suite 200
P.O. Box 3038
Johnson City, TN  37602
(423) 928-0181
Fax:  (423) 979-7634; gedwards@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2012, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

Leonard A. Bennett, Esq.
Susan Rotkis, Esq.
CONSUMER LITIGATION ASSOCIATES PC
763 J. Clyde Morris Blvd., Suite 1A
Newport News, Virginia  23601

Kristi Cahoon Kelly, Esq.
SUROVELL ISAACS PETERSON & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, Virginia  22030

       __/s/ Gary L. Edwards___
       Gary L. Edwards, Esq.
       VA Bar No. 44848
       Attorney for Litton Loan Servicing, LP
       BAKER, DONELSON, BEARMAN,
       CALDWELL & BERKOWITZ, P.C.
       100 Med Tech Parkway, Suite 200
       P.O. Box 3038
       Johnson City, TN  37602
       (423) 928-0181
       Fax:  (423) 979-7634;
       gedwards@bakerdonelson.com