Westlaw.

VAPRAC FL § 4:7 Page 1
Va. Prac. Family Law § 4:7 (2011-12 ed.)

Virginia Practice Series TM
Current through the 2011 Update

Family Law: Theory, Practice and Forms
Peter N. Swisher [a0], Lawrence D. Diehl [a1], James R. Cottrell [a2]

Part
I. Incidents of Marriage
Chapter
4. Property and Support Rights During Marriage

### § 4:7. The doctrine of necessaries

**West's Key Number Digest**

West's Key Number Digest, Husband and Wife 19, 151

**Legal Encyclopedias**

C.J.S., Husband and Wife §§ 12, 72 to 75, 77, 79 to 86

The common law doctrine of necessaries requires the husband to buy for his wife and children necessary items, which normally include food, clothing, shelter, medical care, and legal expenses.

The doctrine of necessaries thus differs from agency principles in that the husband's express or implied consent to purchase certain goods is *not* required under the doctrine of necessaries, and the wife and children may therefore buy any necessary item and charge it to the husband's account, even though the husband may not have consented to such a purchase.[1]

In determining what should be furnished to a spouse or child as a "necessary" item, a court will normally look at the financial circumstances and needs of the parties, as well as the standard of living established during the marriage.[2]

However, in the case of Schilling v. Bedford County Memorial Hospital,[3] the Virginia Supreme Court stated that the doctrine of necessaries, as it existed under the common law, was unconstitutional gender-based discrimination against the husband, since there was no similar obligation on the part of the wife.[4]

Subsequent to the Schilling case, the Virginia General Assembly amended the Virginia doctrine of necessaries statute so that it now applies equally to *both* spouses.[5]

[FNa0] Professor of Law, University of Richmond Law School

[FNa1] Member of the Virginia State Bar

Case 3:11-cv-00497-JRS   Document 33-1   Filed 02/24/12   Page 2 of 3 PageID# 272

VAPRAC FL § 4:7                                                                    Page 2
Va. Prac. Family Law § 4:7 (2011-12 ed.)

[FNa2] Member of the Virginia State Bar

---

[FN1] See, e.g., Mihalcoe v. Holub, 130 Va. 425, 107 S.E. 704 (1921); Hall v. Stewart, 135 Va. 384, 116 S.E. 469 (1923); Floyd v. Miller, 190 Va. 303, 57 S.E.2d 114 (1950).

See generally Wife's liability for necessaries furnished husband, 11 A.L.R.4th 1160; Modern status of rule that husband is primarily or solely liable for necessaries furnished wife, 20 A.L.R.4th 196. See also Mahoney, "Economic Sharing During Marriage: Equal Protection, Spousal Support, and the Doctrine of Necessaries," 22 J. Fam. L. 221 (1984).

[FN2] See, e.g., Gimbel Bros., Inc. v. Pinto, 188 Pa. Super. 72, 145 A.2d 865 (1958) (a mink coat constituted a necessary item, based on husband's income and the parties' standard of living established during the marriage); Sharpe Furniture, Inc. v. Buckstaff, 99 Wis. 2d 114, 299 N.W.2d 219 (1980) (a sofa constituted a necessary item). See also Floyd v. Miller, 190 Va. 303, 57 S.E.2d 114 (1950) (hospital and medical expenses were necessaries); Hall v. Stewart, 135 Va. 384, 116 S.E. 469 (1923) (funeral expenses were a necessary item).

However, in Clinic v. Nelson R., 90 Misc. 2d 253, 394 N.Y.S.2d 118 (County Ct. 1977), an elective abortion was not covered under the doctrine of necessaries, since it was not defined as medical expenses resulting from "an illness." If an abortion was medically dictated, however, it would no doubt be covered under the doctrine of necessaries.

See also Chipp v. Murray, 191 Kan. 73, 379 P.2d 297 (1963), where the court held that private detective services used by the wife in a contemplated divorce action concerning the husband's assets and activities were not necessary items. The court stated, however, that if the private detective's services were used to obtain support for the wife and children, such as locating a deserting husband, then such services might be classified as necessaries.

[FN3] Schilling v. Bedford County Memorial Hosp., Inc., 225 Va. 539, 303 S.E.2d 905 (1983).

[FN4] Schilling v. Bedford County Memorial Hosp., Inc., 225 Va. 539, 303 S.E.2d 905 (1983). See also Statutory or constitutional provision allowing widow but not widower to take against will and receive dower interests, allowances, homestead rights, or the like as denial of equal protection of law, 18 A.L.R.4th 910.

[FN5] Va. Code Ann. § 55-37 provides in part: "The doctrine of necessaries as it existed at common law shall apply equally to both spouses, except where they are permanently living separate and apart, but shall in no event create any liability between such spouses as to each other. ..."

This revised Virginia doctrine of necessaries rule is now in accord with the vast majority of other jurisdictions. See, e.g., Modern status of rule that husband is primarily or solely liable for necessaries furnished wife, 20 A.L.R.4th 196.

See also Comment, "The New Doctrine of Necessaries in Virginia," 19 U. Rich. L. Rev. 317 (1985).

Westlaw. © 2011 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 3:11-cv-00497-JRS   Document 33-1   Filed 02/24/12   Page 3 of 3 PageID# 273

VAPRAC FL § 4:7                                                                    Page 3
Va. Prac. Family Law § 4:7 (2011-12 ed.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.