IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**VICTORIA L. FRAZIER,**

          **Plaintiff**

v.                                                CIVIL NO. 3:11cv497-JRS

**EXPERIAN INFORMATION
SOLUTIONS, INC.,** *et al.*

          **Defendants.**

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S
### MOTION TO COMPEL AND
### FOR RULE 37(c)(1) SANCTIONS

      Comes now the Plaintiff Victoria Frazier, by counsel, and in support of her Rule 37(c)(1) motion for sanctions against Litton Loan Servicing, she supplies the following memorandum of law. The Plaintiff is entitled to an order excluding any evidence that Litton Loan Servicing may seek to introduce on a motion, at a hearing or at trial, that it has not previously disclosed pursuant to Rules 26(a)(1) and 26(e). Since it has produced only a single document, failed to supplement or respond to discovery requests, failed to file a motion for protective order, failed to produce witnesses for depositions, and otherwise obstructed the discovery process, the court should exclude any evidence the Defendant seeks to introduce except that produced in its Rule 26(a)(1) disclosure (Ex. A) and the single document it has produced (Ex. B) (excluding the improper, second privilege log). In addition or in the alternative, under Fed. R. Civ. P. 37(a), the Plaintiff respectfully moves the court to compel without limitation production of all documents, answers to interrogatories, and witnesses for deposition not later than March 28, 2012.[1]

---

[1] With an April 9, 2012, trial date, such an order would allow the Plaintiff only ten days to use the discovery to prepare for trial. The request is made to permit the Plaintiff to use discovery she is entitled to use to prove her claim.

**Overview**

Plaintiff moves the court to impose the sanction of exclusion that is automatically available under Fed. R. Civ. P. 37(c)(1) when a party fails to disclose or produce information during the discovery period. Specifically, Plaintiff respectfully requests that the Court exclude from Defendant's use in any motion or at trial (a.) any witness or document not disclosed in its original mandatory disclosures under Fed. R. Civ. P. 26(a)(1); (b.) any document not produced or not disclosed pursuant to Rule 26(e), including any supplemental Rule 26(a)(1) disclosures and failure to produce or supplement requests for production.

Senior Judge Payne has cautioned defendants in other cases that the court will not tolerate the use of the "Carolina 4-corners offense," which is his metaphor for the strategy by which a defendant stalls in making its disclosures and discovery production until it is too late in the case for such information to be useful or discovered. When discovery commenced, Plaintiff engaged in good faith give and take with Defendant's counsel by meeting and conferring over discovery. However, after Defendant substituted its counsel any meaningful exchange between the parties ended.

During the discovery period, Plaintiff's counsel properly cautioned Defendant's counsel that its refusal to provide disclosures and answer discovery would result in Plaintiff's Rule 37(c)(1) motion to exclude it from using any such information at trial. Defendant refused to change its course. Discovery closed on February 29, 2012, and a trial is set for April 9, 2012, the Plaintiff would be substantially prejudiced if Defendant were permitted to use information, documents or witnesses it has known about since the inception of this case but has not disclosed to the Plaintiff.

**Summary of Case**

2

This Fair Credit Reporting Case is prosecuted by Victoria Frazier, who suffered practically the worst type of inaccurate credit reporting: Litton falsely reported to consumer reporting agencies (CRA) that she had defaulted on a mortgage. This reporting was not only untrue at the time Litton reported it, when the Plaintiff sought to dispute the inaccurate reporting through the CRAs, Litton verified the false report as accurate and continued its derogatory reporting. Ms. Frazier could never have been late or in default on the mortgage Litton reported because she was not obligated on the note securing that mortgage. To be clear, Litton falsely reported that Ms. Frazier was in default on an obligation she never, ever owed. And it knew it. Upon receiving Ms. Frazier's dispute, the CRAs sent an automated consumer dispute verification (ACDV) to Litton, which is supposed to cause it to investigate the dispute. However, when Litton failed to conduct an investigation of the ACDV, the CRAs continued to publish the false reports that the Plaintiff had defaulted on a mortgage as verified. Unable to get Litton to correct the false credit report, despite knowing it was false, Plaintiff filed this action alleging violations of the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b). *See Johnson v. MBNA America Bank, N.A.*, 357 F.3d 426 (4th Cir. 2004).

### Defendant's Discovery Non-Compliance

Plaintiff certifies pursuant to Local Rule 37 that she has attempted to meet and confer with Defendant to resolve all issues herein. Plaintiffs' counsel has done so by written communications and telephone calls to Defendant's counsel.

This case was filed on August 1, 2011. (Docket #1). The parties appeared by counsel for a pretrial conference, at which time a trial date of April 9, 2012, was set by the court. (Docket #21). Under the order, discovery must have been completed by February 29, 2012. Both parties served mandatory disclosures by agreement. In addition to

serving and filing its mandatory disclosures, Plaintiff provided Defendant with all documents in her possession, bates stamped 1-415, on a compact disc. (Docket #24). Defendant provided no documents with its mandatory disclosures, and despite Plaintiff's specific request, failed to produce such documents or supplement its disclosure.

On December 23, 2011, Plaintiff served her First Set of Interrogatories and Requests for Production of Documents on Defendant, Litton Loan Servicing. On January 9, 2012, Litton served its Objections to Plaintiff's First Set of Interrogatories, Objections to Requests for Production of Documents and its Privilege Log for documents 156-158, and 159, however, never provided documents. That day, Defendant also served the Plaintiff with its Interrogatories, Requests for Production of Documents and Requests For Admissions. The Plaintiff objected to certain of the Defendant's discovery, for which the parties scheduled and had a meet and confer by telephone on January 31, 2012. The parties were able to resolve Plaintiff's objections to Defendant's discovery, which the Plaintiff then timely answered but for the interrogatories and requests that delved into what may fairly be construed as attorney-client or work product. (Ex. F). Counsel agreed that neither side sought information subject to the attorney-client privilege or work product.

However, the Defendant objected to every single one of Plaintiff's requests for production, every single one of Plaintiff's interrogatories with cookie-cutter form objections. (Ex. C & D). Counsel for the parties scheduled and held a meet and confer on February 2, 2012, in an attempt to resolve the Defendant's objections to Plaintiff's discovery. Through the meet and confer process, counsel arrived at an agreement in which the Plaintiff withdrew and limited certain requests, provided justification for the other requests to which Defendant agreed to respond. (Ex. J.) Defendant asked for an enlargement of time to respond, to which the Plaintiff

agreed to several extensions ultimately making the discovery due on February 12, 2012. (Exs. E, I). Meanwhile, Litton substituted counsel. (Docket #30). On February 13, 2012, though now waived, the Defendant served a second privilege log along with new documents listed as bates stamped 404, 432, 440-467. The Defendant produced documents bates stamped 403-507, with no explanation regarding bates numbers 001-402. (Ex. B). The document produced was a single document containing the composite account history of a loan belonging to the Plaintiff's husband, not the Plaintiff. *Id*. No answers to interrogatories or responses to the requests for production were served, nor did the Defendant move for a protective order as of the date of this motion. Upon receiving the non-responsive discovery, Plaintiff's counsel e-mailed Defendant's counsel to apprise him of Plaintiff's position concerning the non-responsiveness of the discovery and, as described below, the Defendant's anticipated failure to comply with the deposition notices. (Ex. I). Despite the written exchanges between Plaintiff's counsel and Defendant's counsel, the result is that Defendant has refused to cooperate in discovery, refused to produce witnesses for the depositions as noticed or supply any alternative dates, and failed to move for a protective order.

With respect to depositions, on February 1, 2012, for the convenience of Defendant's counsel and in keeping with the relationship between Plaintiff's counsel and Defendant's counsel, the Plaintiff served deposition notices for Defendant's rule 30(b)(6) and 30(b)(1) witnesses to be at the law offices of Defendant's counsel on February 15, 2012, and February 23, 2012, respectively. (Ex. G). On February 13, 2012, Defendant's prospectively substituted counsel notified Plaintiff by e-mailed letter that Litton would not produce witnesses that were noticed for deposition. (Ex. H). Defendant refused to provide any alternate dates and locations, move for a protective order or appear as directed in the notice of deposition.

In addition to the email exchanges, counsel for both parties have had telephone conversations about various aspects of the litigation, including whether the case could be resolved by compromise. Plaintiff has informed the Defendant both by telephone and email that she would file a motion to compel under Rule 37(a) and for sanctions under Rule 37(c)(1) motion if Defendant continued its refusal to provide documents, supplement its mandatory disclosures or participate in discovery.

1. **Fed. R. Civ. P. 37(c)(1) Exclusion is Automatic**

Aside from the various sanctions remedies provided by Rules 26, 37(a), and 37(b), the Defendant is also subject to Rule 37(c)(1). Defendant cannot be permitted to use documents and evidence that it has refused to disclose and provide pursuant to Rule 26(a)(1) and Rule 26(e). Unlike conventional discovery, a party's disclosure obligations are "self-executing." If a party does not properly and timely comply with Rule 26(e), it may not use the evidence it failed to disclose or supplement in a timely fashion. Fed. R. Civ. P. 37(c). *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954 (E.D. Va. Oct. 27, 2010)(finding that the court "must impose sanctions" for under Rule 37(c)(1) where there was no harmless error or substantial justification). Rule 37(c)(1) provides in pertinent part

> *Failure to Disclose, to Supplement an Earlier Response, or to Admit.* – (1) Failure to Disclose or Supplement. If a party fails to provide information or to identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion or after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, cause by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Exclusion of evidence is the only appropriate remedy for a party's complete failure to disclose it, "[Rule] 37(c)(1) 'provides that a party who fails to [provide information or] identify a witness as required by Rule 26(a) or (e) is not allowed to use that [information or] witness to supply evidence on a motion.'" *Bland v. Fairfax County, Va.*, 1:10CV1030 JCC/JFA, 2011 WL 1660630 (E.D. Va. May 3, 2011)(quoting *Hoyle v. Freightliner, LLC,* 650 F.3d 321 (4th Cir. 2011). This is consistent with the Advisory Committee notes to the 1993 Amendment of Fed. R. Civ. P. 37(c), which explains:

> Subdivision (c). The revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A).Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1). This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56.

The only exceptions in Rule 37(c) are for circumstances in which the failure to disclose was with "substantial justification" or in which the failure to disclose was "harmless." *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954, at *3. Neither of these limited exceptions applies in this case. Experienced counsel has no safe harbor, where even "counsel's lack of familiarity with the Federal Rules is not an excuse sufficient to stave off the harsh sanction of Rule 37." *Campbell v. United States*, 3:10-CV-363, 2011 WL 588344 (E.D. Va. Feb. 8, 2011).

The Advisory Committee Notes offer examples under which these conditions might apply, which courts have consistently done since their adoption. *See e.g. Scott v. GMAC Mortgage, LLC,* Civ. No. 10CV24-NKM (W.D.Va. April 14, 2011)(the court found GMAC's conduct to be egregious and accordingly ordered sanctions for failure to timely comply with discovery, including the sanction of entry of default and award of attorney fees.) They include instances in which the omission was limited, for a witness otherwise known to both parties, or

when the negligent party was a *pro se* litigant. *Id.; accord Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954, at *3-4. None of these apply in the present case. The Advisory Committee Notes further explain that:

> Limiting the automatic sanction to violations "without substantial justification," coupled with the exception for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations: e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures. In the latter situation, however, exclusion would be proper if the requirement for disclosure had been called to the litigant's attention by either the court or another party.

One of the cases which is most frequently cited on this issue, even outside this District and Circuit, is *Rambus, Inc. v. Infineon Tech. AG,* 145 F. Supp.2d 721 (E.D. Va. 2001)(Payne, J.). In the Court's detailed analysis of the appropriate standard and remedy under Rule 37(c), the Court considered the severity of the exclusion remedy and determined the standard by which the remedy should be enforced. The Court applied the *Burlington Insurance* test to consider the following five factors: (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony. 145 F. Supp.2d at 726, 727-734. Importantly, there is no "bad faith" element, and even an innocent omission cannot constitute "substantial justification." *Southern States Rack & Fixture v. Sherwin-Williams Co.*, 318 F.3d at 596; *Scott v. GMAC*, 3:10CV24-NKM, at 11-12. As Judge Payne explained in *Rambus*,

> [T]he plain language of the rule contains no requirement for bad faith or callous disregard of the discovery rules. In fact, the rule is rather harsh in that it automatically imposes the preclusion sanction unless the non-complying party can show that there is substantial justification for the failure to make the disclosure, and that the failure was harmless.

145 F. Supp.2d at 727.

There can be no doubt that the Plaintiff has been prejudiced by the Defendant's failure to comply with its discovery obligations. *Scott v. GMAC*, 3:10CV24-NKM, at 11-12. The trial will be in thirty days and the Defendant has not cooperated one bit, but instead engaged in the type of gamesmanship prohibited by the Federal Rules. The Defendant has the same obligation as all parties to litigation in this court: to proceed without gamesmanship in the conduct of discovery. They must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 220-21 (N.D.W. Va. 2007)(citing *Hansel v. Shell Oil Corp.,* 169 F.R.D. 303, 305 (E.D.Pa.1996)). Gamesmanship to evade answering as required is not allowed. *Id.*

Rule 37(c) authorizes the Court to levy sanctions for a party's specific conduct, or lack thereof:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

FED. R. CIV. P. 37(c)(1). Without substantial justification for the failure to disclose information required under Rule 26(a), a party is automatically excluded from using that information at trial. *Rambus, Inc. v. Infineon Techs. AG*, 145 F. Supp. 2d at 724. A party invoking Rule 37(c)(1) sanctions must demonstrate that the offending party failed "to disclose the evidence in question earlier in the proceedings." *Id.* at 724, n.4 (citing 7 MOORE'S FEDERAL PRACTICE § 37.60[2][a] (Matthew Bender 3d ed.)). If this is accomplished, the offending party can avoid sanctions by showing a substantial justification for the failure to disclose. *Id.*

A showing of substantial justification cannot happen in this case. Despite Plaintiff's good faith effort in the meet and confer process and its belief that the Defendant would fulfill its obligation to participate in the process, Litton has refused to provide any justification cognizable under the Rules and the law of this district and division, let alone a substantial justification for failing to supplement its disclosures, provide the documents it has identified, answer discovery, produce documents, produce or disclose the identity of witnesses, provide dates for depositions, has implemented an abusive discovery tactic despite the Court's orders and should therefore be sanctioned. *Scott v. GMAC*, 3:10CV24-NKM, at 11-12. If Litton truly believed it had a legitimate basis to refuse to supplement, withhold documents, refuse to answer interrogatories it knows has been ordered in other cases, and could prevent the Plaintiff from deposing fact and corporate witnesses, it should have moved for a protective order. It has not moved for a protective order, however unseasonable, such motion would nonetheless be destined to fail.[2]

**2.     Rule 37(a) provides the court with the authority to enter an order compelling Litton to comply with discovery.**

The Plaintiff is entitled to an order compelling answers to interrogatories propounded under Rule 33, production of documents requested under Rule 34, and designation of a corporate witness pursuant Rule 30(b)(6). Fed. R. Civ. P. 37(a)(3)(A)-(B). This remedy is different from the remedy of exclusion that is automatic under Rule 37(c)(1) that deprives the Defendant of the use of such evidence it fails to disclose. The remedies under Rule 37(a) require production and

---

[2] It is now entirely too late for the Defendant to seek a protective order, which motion would have to be rejected as untimely. *Ayers*, 240 F.R.D. at 221 (*citing Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991); *see also*, *Kolon Indus., Inc. v. E.I. du Pont de Nemours & Co.*, 3:11CV622, 2012 WL 560226, at *10 (E.D. Va. Feb. 21, 2012)(explaining that a recusal motion was untimely when the movant failed earlier to move for recusal despite that it had knowledge of all relevant facts for over a year but did not file a motion until it perceived the risk of an adverse ruling.).

are in addition to the remedies requested under Rule 37(c)(1) because the Plaintiffs are still entitled to discover the information they have sought in the discovery process in order to prosecute their claims.

The Defendant has wholly failed to answer discovery and has not moved for a protective order. The parties resolved the objections Defendant had pursuant to a meet and confer on February 2, 2012, but still failed to answer or cooperate in discovery. Except for the documents produced on February 13, 2012, and the scant privilege log produced on January 9, 2012, Defendant has waived any claim of privilege, even by late service of a second privilege log, therefore any claim of privilege is waived. *Capetta v. GC Servs. Ltd. P'ship*, 3:08CV288, 2008 WL 5377934, at * 2 (E.D.Va. Dec. 24, 2008). Because it hasn't exercised any of the methods of repelling the discovery propounded, it must now be compelled to answer it.

This court has explained

> The decision to grant or to deny a motion to compel discovery rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir.1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (*citing Erdmann v. Preferred Research, Inc.*, 852 F.2d 788, 792 (4th Cir.1988); *LaRouche v. Nat'l Broad. Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir.1986) ("A motion to compel discovery is addressed to the sound discretion of the district court .")). If a court grants a motion to compel discovery, Rule 37 provides sanctions which courts may impose upon the party failing to comply with the discovery process. *See* Fed. R. Civ. P. 37. "[I]t is clear that dismissal and the imposition of monetary sanctions are appropriate remedies available under Rule 37 for a party's blatant and continuing failure to obey rules governing discovery and orders of the district court." *Ingram v. Family Dollar Stores of Ala., Inc.*, No. 3:06cv528-C, 2007 WL 1686914, at *2 (W.D.N.C. June 11, 2007) (*citing* Fed. R. Civ. P. 37(b)(2); *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976); *Mut. Fed. Sav. & Loan Ass 'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir.1989); *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 504 (4th.Cir1977)).

*Graves v. Indus. Power Generating Corp.*, 3:09-CV-717, 2010 WL 2943079 (E.D. Va. July 20, 2010). The Plaintiffs respectfully request that the court enter an order compelling production requested in this motion forthwith.

**3.  Rule 37(b) sanctions may be appropriate**

In addition to sanctions for failure to disclose, Rule 37 also gives the Court the power to sanction a party that fails to obey a Court order to provide discovery. *See* FED. R. CIV. P. 37(b)(2). The orders referred-to in the rule include an order made pursuant to Rule 26(f), 35 or 37(a). To the extent the scheduling order in this case requires compliance with discovery, the Defendant has failed to comply. Sanctions under Rule 37(b) may include, among others:

> (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; [and]
>
> (iii)  striking pleadings in whole or in part.

*Id.* Whether to award sanctions under Rule 37 is within the Court's broad discretion. *Mutual Fed. Sav. & Loan Ass'n v. Richard & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989). The Plaintiff requests the court consider additional sanctions warranted under Rule 37(b), including striking Litton's Answer and Affirmative Defenses.

**Conclusion**

Rule 37 is flexible, giving the district court a wide range of possible sanctions from which to choose the most appropriate considering the unique circumstances of each case. In this case, the minimum appropriate sanction is (1) an order excluding any witnesses or evidence that has not been disclosed as of the date of the filing of this motion. The Plaintiff also requests (2) an order compelling Litton without limitation to produce all the documents requested, to answer all interrogatories, and to produce the names and addresses of the employee-witnesses requested for depositions to appear for depositions on dates and times convenient to the Plaintiff, but not later

than March 28, 2012.  Finally, the Plaintiff respectfully requests the court order such other relief as appropriate, including (3) an order striking Litton's Answer and Affirmative Defenses.

        Respectfully Submitted,

        Victoria Frazier,

        _____/s/_____
        Susan Mary Rotkis, VSB #40693
        Leonard A. Bennett,VSB #37523
        CONSUMER LITIGATION ASSOCIATES, P.C.
        763 J. Clyde Morris Blvd., Suite 1A
        Newport News, Virginia 23601
        (757) 930-3660 - Telephone
        (757) 930-3662 – Facsimile
        srotkis@clalegal.com
        lenbennett@cox.net

        Kristi Cahoon Kelly, VSB #72791
        SUROVELL ISAACS PETERSEN & LEVY, PLC
        4010 University Drive, Second Floor
        Fairfax, Virginia 22030
        (703) 251-5400
        (703) 591-9285
        kkelly@siplfirm.com

        Counsel for Plaintiff

## CERTIFICATE OF SERVICE

       I hereby certify that on this 9th day of March, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Gary L. Edwards
Baker Donelson Bearman Caldwell & Berkowitz, PC
100 Med Tech Parkway
Suite 200
Johnson City, TN 37604
Email: gedwards@bakerdonelson.com

                                          /s/
                                Susan Mary Rotkis, VSB #40693
                                CONSUMER LITIGATION ASSOCIATES, P.C.
                                763 J. Clyde Morris Blvd., Suite 1A
                                Newport News, Virginia 23601
                                (757) 930-3660 - Telephone
                                (757) 930-3662 – Facsimile
                                srotkis@clalegal.com

                                Counsel for Plaintiff