IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VICTORIA L. FRAZIER,

Plaintiff,

v.                                          Civil Action No. 3:11cv497-JRS

EXPERIAN INFORMATION
SOLUTIONS, INC., *et al.*

Defendants.

## DEFENDANT LITTON LOAN SERVICING LP'S OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Litton Loan Servicing LP ("Litton" and/or "Defendant"), by counsel, submits the following objections to Plaintiff's First Set of Interrogatories.

### PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

Defendant's objections herein are given without prejudice to Defendant's right to provide subsequent relevant information or to add, modify, supplement, or otherwise change or amend its objections to the Interrogatories as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery. To the extent attorney notes, work product and/or attorney-client communications are or become responsive to any of the following requests, Defendant expressly reserves it rights to assert such objections. The information contained in Defendant's objections is also subject to correction for omissions or errors. Defendant reserves the right to supplement its objections and responses to any of Plaintiff's discovery requests up until the time of trial.



## INTERROGATORIES

### INTERROGATORY NO. 1:

Separately state and describe each and every change which you have instituted or made to your procedures and policies for reporting to the consumer reporting agencies accounts that are in dispute before and following the date you first learned about the allegations and/or legal holdings contained in the Fourth Circuit's decision in Johnson v. MBNA Bank, N.A. No. 03-1235, (decided February 11, 2004) or Saunders v. Branch Banking and Trust Co. of Virginia,. No. 07-1109 (decided May 14, 2008). For each change, identify all persons who participated in your decision to make the change and all documents which evidence or regard it.

**OBJECTIONS:** Defendant objects to the extent that this interrogatory seeks to elicit trade secrets or other confidential or proprietary commercial or business information in seeking information and documents concerning Litton's "procedures and policies for reporting to the consumer reporting agencies accounts that are in dispute." Defendant further objects to the extent that this interrogatory seeks the work product and/or mental impressions of counsel, attorney-client privilege, and information generated in anticipation of litigation and trial, in particular because it covers a time period of almost 8 years and would encompass discussions with inside and outside counsel during and after litigation involving credit reporting disputes. Defendant also objects because any changes made to its policies and procedures "before and following the date [Litton] first learned about the allegations and/or legal holdings contained in the Fourth Circuit's decision in Johnson v. MBNA Bank, N.A. No. 03-1235, (decided February 11, 2004) or Saunders v. Branch Banking and Trust Co. of Virginia,. No. 07-1109 (decided May 14, 2008)" is not reasonably calculated to lead to the discovery of admissible evidence regarding the claims and defenses in this case. Defendant further objects because the referenced actions were decided by the

2

Court of Appeals in February 2004 and May 14, 2008, therefore this interrogatory is overly broad and unduly burdensome in seeking information over a time period that is more than seven years and a complete account and description of the changes made over this period of time – any probative value of the information that may be covered by this interrogatory over this time period is outweighed by the substantial burden required to attempt to obtain it. Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint. Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002). Subject to its right to seek further protections for specific information, Defendant only agrees to provide such information, subject to and without waiving the other objections stated herein, pursuant to the entry of an appropriate Protective Order by the Court.

**INTERROGATORY NO. 2:**

Since January 1, 2008, did you provide or verify any information related or attributed to the Plaintiff to any consumer reporting agency? If so, identify all such persons, the reason any such information was provided to each person, the manner in which you were requested to provide any such information, and, for each separate month, specifically state the content of the METRO-2 fields provided to any such agency.

**OBJECTIONS:** Defendant objects because the time period of January 1, 2008 is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims since her claims in the Complaint arise from activity solely in 2011. Defendant further objects to the extent that this interrogatory seeks the work product and/or mental impressions of counsel, attorney-client privilege, and information generated in anticipation of litigation and trial since it encompasses a time period in which litigation and/or trial was reasonably anticipated. Defendant also objects on the basis that this interrogatory is overly broad and unduly burdensome because the substantial burden of attempting to obtain this information over this more than four year period is outweighs any probative value it may have, and to the extent Plaintiff is either already in possession of this information or can more readily obtain it from either co-defendants, former co-defendants, or third parties. Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's

Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint.   Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002).

**INTERROGATORY NO. 3:**

Did you ever receive any written or non-written communication from any other person pertaining to the Plaintiff? If so, specifically list and identify each such communication. For non-written communication, state the content of each such communication. For written communications, identify the document and the date of receipt for each document so identified.

**OBJECTIONS:** Defendant objects because this interrogatory seeks information the collection of which would be unreasonable and unduly burdensome, given the needs of the case and the availability of alternative, less burdensome or expensive means of obtaining the same or similar information, including but not limited to the lack of any specific time period in this interrogatory, instances in which information is equally available to Defendant and Plaintiff, or already in the possession, custody and/or control of Plaintiff. To the extent "any other person" encompasses Litton's outside counsel herein, Defendant further objects to the extent that this interrogatory seeks the work product and/or mental impressions of counsel, attorney-client privilege, and information generated in anticipation of litigation and trial since it encompasses a time period in which litigation and/or trial was reasonably anticipated.   Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has

6

asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint.    Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33.    Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.,* 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002).

**INTERROGATORY NO. 4:**

With regard to any ACDV or other notice of dispute received from any consumer reporting agency regarding the Plaintiff, and the subsequent investigation, if any, that you performed regarding information reported by you:

> – identify all persons who conducted or participated in the investigation, including their names, employers, work and home addresses (unless counsel will accept service of process), and methods and rates of pay;

> – identify the date of the investigation and all written and non-written communications pertaining to the investigation;

> – describe all procedures you used in conducting the investigation; and identify all steps you took with respect to the Plaintiffs file following the investigation.

**OBJECTIONS:** Defendant objects to providing the work and home address or "method and rates of pay" of "persons who conducted or participated in the investigation" because this information is not reasonably calculated to lead to the discovery of admissible evidence on the claims and defenses of this case. Defendant further objects to the extent that this interrogatory seeks the work product and/or mental impressions of counsel, attorney-client privilege, and information generated in anticipation of litigation and trial since it encompasses a time period in which litigation and/or trial was reasonably anticipated. Defendant objects to the extent that this interrogatory seeks to elicit trade secrets or other confidential or proprietary commercial or business information in seeking information concerning the procedures used in conducting an investigation after receiving a notice of dispute from a credit reporting agency regarding Plaintiff. Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because

8

it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint. Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002). Subject to its right to seek further protections for specific information, Defendant only agrees to provide such information, subject to and without waiving the other objections stated herein, pursuant to the entry of an appropriate Protective Order by the Court.

**INTERROGATORY NO. 5:**

To the extent not described in your response to Interrogatory No. 4, did you ever conduct any other investigations or reinvestigations of information placed in the Plaintiffs credit file? If so, for each such investigation or reinvestigation:

        a.     identify all persons who conducted or participated in any such investigation or reinvestigation, including their names, employers, work and home addresses (unless counsel will accept service of process), and methods and rates of pay;

        b.     identify the date of all such investigation or reinvestigation and all written and non-written communications pertaining to any such investigation or reinvestigation;

        c.     describe the reason for any such investigation or reinvestigation;

        d.     describe all procedures you use in conducting any such investigation or reinvestigation; and

        e.     identify all steps you took with respect to the plaintiffs file following any such investigation or reinvestigation.

**OBJECTIONS:** Defendant objects that providing the work and home address or "method and rates of pay" of "persons who conducted or participated in the investigation" because this information is not reasonably calculated to lead to the discovery of admissible evidence on the claims and defenses of this case. Defendant objects to the extent that this interrogatory seeks to elicit trade secrets or other confidential or proprietary commercial or business information in seeking information concerning the procedures used in conducting an investigation and/or reinvestigation after receiving a notice of dispute from a credit reporting agency regarding Plaintiff. Defendant further objects to the extent that this interrogatory seeks the work product and/or mental impressions of counsel, attorney-client privilege, and information generated in anticipation of litigation and trial, in particular because it would encompass discussions with inside and outside counsel before and after this litigation involving credit reporting disputes was commenced. Defendant

objects this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, overly broad and unduly burdensome in seeking information about whether Defendant conducted "investigations or reinvestigations of information placed in the Plaintiff's credit file" beyond instances wherein Defendant received a notice of dispute directly from a credit reporting agency regarding Plaintiff. Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint. Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002). Subject to its right to seek further protections for specific information, Defendant only agrees to provide such information, subject to and without waiving the other objections stated herein, pursuant to the entry of an appropriate Protective Order by the Court.

INTERROGATORY NO. 6:

Please explain and describe when, how, and under what circumstances you archive, retain, or capture account data in any file bearing any of Plaintiffs personal identifiers. List the archived data files and reports wherein any personal information about Plaintiff or attributed to any of Plaintiffs personal identifiers, including the date such data was captured, retained and/or archived, who has possession of those reports, the manner in which the reports are maintained, and the retention policy[ies] regarding those reports. This request includes your normal data file retention processes.

OBJECTIONS: Defendant objects because the phrase "the date such data was captured," is vague and ambiguous because Defendant is unsure as to the meaning of the use of the words "capture" and "captured" because they are not defined. Defendant objects to the extent that this interrogatory seeks to elicit trade secrets or other confidential or proprietary commercial or business information in seeking information concerning the "archiving, retaining, or capturing" of "account data" in a consumer's "file," as well as how "reports are maintained, and the retention policy[ies] regarding those reports." Defendant objects this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, overly broad and unduly burdensome in seeking information the probative value of which is outweighed by the burden of attempting to locate. Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted

to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint. Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002). Subject to its right to seek further protections for specific information, Defendant only agrees to provide such information, subject to and without waiving the other objections stated herein, pursuant to the entry of an appropriate Protective Order by the Court.

**INTERROGATORY NO. 7:**

Separately state and describe each and every change which you have instituted or made to your procedures and policies for investigation of consumer disputes before and following the date you first learned about the decision of the Fourth Circuit in Linda Slater (Linda Johnson) v. MBNA, Eastern District of Virginia, Civ. No. 3:02cv523, regarding the duties of furnishers of credit information. For each change, identify all persons who participated in your decision to make the change and all documents which evidence or regard it.

**OBJECTIONS: Defendant objects because requested "each and every change" is overly broad and unduly burdensome since it would cover a period of more than 15 years and seeks information not relevant to these claims and defenses since issues outside of the claims and defenses raised herein would be encompassed by this request. Defendant objects to the extent that this interrogatory seeks to elicit trade secrets or other confidential or proprietary commercial or business information in seeking information and documents concerning the procedures and policies "for investigation of consumer disputes." Defendant further objects to the extent that this interrogatory seeks the work product and/or mental impressions of counsel, attorney-client privilege, and information generated in anticipation of litigation and trial, in particular because it would encompass discussions with inside and outside counsel during and after litigation involving credit reporting disputes. Defendant also objects because any changes made to its policies and procedures before "the date [Defendant] first learned about the decision of the Fourth Circuit in Linda Slater (Linda Johnson) v. MBNA, Eastern District of Virginia, Civ. No. 3:02cv523, regarding the duties of furnishers of credit information," is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence**

14

regarding the claims and defenses in this case because the information sought is from 8 years ago or more.   Defendant further objects because the referenced action was commenced in District Court in 2002 and the Court of Appeals rendered its decision in February 2004, therefore this interrogatory is overly broad and unduly burdensome in seeking information over a time period that is more than seven years and a complete account and description of "each and every change which [Defendant has] instituted or made to [Litton's] procedures and policies for investigation of consumer disputes ... following the date [Litton] first learned about the decision of the Fourth Circuit in Linda Slater (Linda Johnson) v. MBNA, Eastern District of Virginia, Civ. No. 3:02cv523, regarding the duties of furnishers of credit information," is overly broad and unduly burdensome considering the time period covering the information sought.   Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21).   Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial."   Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint.   Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon*

*Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002). Subject to its right to seek further protections for specific information, Defendant only agrees to provide such information, subject to and without waiving the other objections stated herein, pursuant to the entry of an appropriate Protective Order by the Court.

**INTERROGATORY NO. 8:**

Please explain and describe each Consumer Dispute Verification or Automated Consumer Dispute Verification [CDV or ACDV] communication or other dispute communication you received from any consumer reporting agency that regarded the Plaintiff or any of her personal identifiers. For each such CDV, ACDV, or other dispute communication, please identify the agency, state the date the item was received and the date you issued any response, explain and describe the dispute conveyed, state what documents or computer files you consulted or reviewed in conducting the investigation, and fully explain and describe the response[s] you provided to any agencies on each such occasion.

**OBJECTIONS: Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint. Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 2002 U.S. Dist. LEXIS 6199, \*6-\*7 (W.D. Va. Mar. 18, 2002).**

**INTERROGATORY NO. 9:**

Identify each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiffs complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit, or any defense or allegation you have raised in this lawsuit. For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain and describe the nature of each such statement by the person so identified. Please identify the lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial testimony, or report was made, taken, or occurred.

**OBJECTIONS:** Defendant objects to this interrogatory to the extent it seeks the identification of expert witnesses prior to the date required in this Court's scheduling order, and further objects to the extent this interrogatory seeks the identification of consulting and/or non-testifying experts as beyond the scope of Rule 26. Defendant further objects because the identification of "each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel," is overly broad and unduly burdensome because it contains no time limitation.   Defendant also objects because it cannot possibly know the requested information for co-defendants and/or third parties, nor whether such persons have testified, etc., in other lawsuits, etc.  Defendant also objects because "explain[ing] and describ[ing] the nature of each such statement by the person so identified" is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information about "each such statement" in "each and

18

every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel" without any time limitation or relevancy to the claims or defenses in this case, plus whatever probative value this information may have is far outweighed by the substantial burden in attempting to obtain it, in particular from third parties. Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint.   Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33.   Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002).

**INTERROGATORY NO. 10:**

Identify all documents prepared by or on behalf of you used in connection with the training, instruction, supervision, or evaluation of any of your employees or of any third party paid by you who is identified in your responses to these Interrogatories.

**OBJECTIONS:** Defendant objects to the extent that this interrogatory seeks to elicit trade secrets or other confidential or proprietary commercial or business information in seeking information and documents "used in connection with the training, instruction, supervision, or evaluation of" Defendant's employees. Defendant objects because this interrogatory is unduly burdensome, overly broad and not reasonable calculated to lead to the discovery of admissible evidence because it seeks "all documents ... used in connection with the training, instruction, supervision, or evaluation of any of" Defendants "employees" without any limiting the requested information to the claims and defenses in this case that arise solely in the context of the FCRA (e.g., documents used for non-FCRA training are irrelevant). Also, the documents are irrelevant to the claims and defenses herein because documents concerning "supervision or evaluation" of Defendant's employees is not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that

you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint. Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002). This interrogatory is also objectionable to the extent that it seeks confidential information of third-parties. Subject to its right to seek further protections for specific information, Defendant only agrees to provide such information, subject to and without waiving the other objections stated herein, pursuant to the entry of an appropriate Protective Order by the Court.

**INTERROGATORY NO. 11:**

State your net worth, gross revenue, and net revenue for fiscal and/or calendar years 2009, 2010, and 2011 and identify any annual report issued for either the fiscal or calendar years 2009, 2010, and 2011.

**OBJECTIONS:** This interrogatory is overly broad and unduly burdensome because it seeks the discovery of confidential and proprietary information for three (3) years, seeks gross revenue and net revenue information that is not reasonably calculated to lead to the discovery of admissible evidence, and requests more than one category of information that would provide information concerning current "net worth." Anything other than Defendant's current net worth is irrelevant, and numerous courts across the country have expressly ruled on this issue. *See, e.g., Clark v. Baka*, 2008 U.S. Dist. LEXIS 84570 (E.D. Ark. Oct. 9, 2008) ("The Court observes that, if a case is made for punitive damages, the current net worth (not income statements) is the appropriate financial information to be produced."). Defendant is willing to fashion an agreement to hold discovery on this issue in abeyance under the Supreme Court's 2007 decision in *Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007), unless and until Plaintiff establishes a willful violation of the FCRA occurred. If no agreement can be reached, Defendant may move for a protective order for the reasons identified below. Further, Defendant objects to the extent that this interrogatory seeks to elicit confidential or proprietary commercial or business information in seeking information and documents concerning Defendant's current new worth. Subject to its right to seek further protections for specific information, Defendant only agrees to provide such information, subject to and without waiving the other objections stated herein, pursuant to the entry of an appropriate Protective Order by the Court. Also, Defendant

objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint.    Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002).

**INTERROGATORY NO. 12:**

Please list, explain, and describe each and every code contained in each reinvestigation record and file and retained computer record and screen/file you generated and accessed regarding Plaintiff or any account attributed to the Plaintiff. For each such code, please also explain and describe, in detail, the purpose of such code, the content of such action, the duration of such action, and the reason you permitted such action or entry.

**OBJECTIONS:** Defendant objects that this interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence regarding the information concerning any "code" that is contained in documents unrelated to any investigation conducted after receiving notice from a consumer reporting agency pursuant to section 1681i (a)(2) of the FCRA of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency. Similarly, this interrogatory is unduly burdensome, overly broad and not reasonable calculated to lead to the discovery of admissible evidence because it includes no temporal limitation on the information requested and to the extent it seeks information regarding Plaintiff or any account attributed to Plaintiff for more than two years prior to the filing of this Complaint. It is also objectionable because the phrases "content of such action" and "duration of such action" are vague and ambiguous because undefined and illogical in the grammatical context in which they are used. Defendant further objects to the extent that this interrogatory seeks the work product and/or mental impressions of counsel, attorney-client privilege, and information generated in anticipation of litigation and trial. Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's

December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint. Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002).

**INTERROGATORY NO. 13:**

State the factual basis of any and all defenses that you have asserted to the Plaintiffs Complaint. For each paragraph of Plaintiffs Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial. If you contend as one of your defenses that, as of the date of each ACDV received by you, the Plaintiff was financially responsible for the mortgage loan, state every single reason and fact and identify every single document that supports your contention.

**OBJECTIONS:** Defendant objects because this interrogatory is overly broad and unduly burdensome since the Complaint includes allegations and claims against parties other than Litton, and about which Litton does not have sufficient information or knowledge to admit or deny the allegations that are directed to such parties other than Litton. Defendant further objects to the extent that this interrogatory seeks the work product and/or mental impressions of counsel, attorney-client privilege, and information generated in anticipation of litigation and trial, in particular because it would encompass counsel's mental impressions as to how "facts ... may support each denial." Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other

defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint.  Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33.  Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002).

**INTERROGATORY NO. 14:**

Identify each meeting, training program, document, or other communication since January 1, 2008 which you have regarding the establishment, maintenance, implementation, improvement, or modification of investigation procedures or of procedures related to the submission and accuracy of data by you to the credit bureaus through Metro 1 or Metro 2, and identify any person(s) with knowledge of same and any document(s) regarding same.

**OBJECTIONS:** Defendant objects because "each meeting, training program, document, meeting or other communication since January 1, 2008 which [Litton] [has] regarding the establishment, maintenance, implementation, improvement, or modification of investigation procedures or of procedures related to the submission and accuracy of data by [Litton] to the credit bureaus through Metro 1 or Metro 2" is overly broad and unduly burdensome, as well as nearly impossible to determine over this period of more than four years. Further, information from more than 4 years ago is not reasonably calculated to lead to the discovery of admissible evidence since only the investigation procedures or procedures related to the submission and accuracy of data to credit bureaus during the 2011 time period of the allegations in the Complaint are relevant. Defendant objects to the extent that this interrogatory seeks to elicit confidential or proprietary commercial or business information in seeking information and documents concerning Defendant's investigation procedures or of procedures related to the submission and accuracy of data to credit bureaus. Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at

28

least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint. Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002). Subject to its right to seek further protections for specific information, Defendant only agrees to provide such information, subject to and without waiving the other objections stated herein, pursuant to the entry of an appropriate Protective Order by the Court.

**INTERROGATORY NO. 15:**

Please explain and describe each Universal Data Form or Automated Universal Data Form [UDF or AUDF] communication you provided to any consumer reporting agency that pertained to the Plaintiff or any of her personal identifiers. For each such UDF, AUDF, or other reporting correction communication, please identify the agency[ies], state the date you issued the communication, explain and describe the correction requested by you and fully explain and describe the basis for such request.

**OBJECTIONS:** Defendant objects because this interrogatory contains no time period limitation and the Complaint's allegations only involve 2011 to the present, therefore this interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent that this interrogatory seeks the work product and/or mental impressions of counsel, attorney-client privilege, and information generated in anticipation of litigation and trial, in particular because it would encompass discussions with inside and outside counsel. Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton

denied the allegations of more than 50 paragraphs of the Complaint. Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002).

**INTERROGATORY NO. 16:**

Describe in full detail every action you took in "investigating" the disputes made by the Plaintiff as alleged in the Complaint and explain and describe your reinvestigation procedures and policies regarding the contested credit reporting that you made to the consumer reporting agencies.

**OBJECTIONS:** Defendant objects because actions it took, other than those taken after receiving notice pursuant to section 1681i(a)(2) of the FCRA from a consumer reporting agency of a dispute with regard to the completeness or accuracy of any information provided about Plaintiff to a consumer reporting agency, is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence on the claims made by Plaintiff. Defendant further objects to the extent that this interrogatory seeks the work product and/or mental impressions of counsel, attorney-client privilege, and information generated in anticipation of litigation and trial, in particular because it would encompass discussions with inside and outside counsel after reasonably anticipating litigation, learning of this litigation and/or learning of "the disputes made by the Plaintiff as alleged in the Complaint." Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant

32

has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint.   Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33.   Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.,* 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002).

**INTERROGATORY NO. 17:**

Identify every lawsuit in which you have been sued for your alleged violation of 15 U.S.C. §1681s-2. Include the style of the case, the names of all co-defendants, the court in which the action was brought, the case number, the name of the plaintiff's attorney, the identities of any of your co-defendants, the date the case was filed, and the disposition in the case. If it was settled, state the terms of settlement.

**OBJECTIONS:** Defendant objects that this interrogatory seeks information the collection of which would be unreasonable or unduly burdensome, given the needs of the case and the availability of alternative, less burdensome or expensive means of obtaining the same or similar information. This objection includes but is not limited to instances in which information is publicly available, or equally available to Defendant and Plaintiff, or already in the possession, custody and/or control of Plaintiff including but not limited to information about prior litigation with non-parties regarding the underlying claims in Plaintiff's Complaint. Defendant also objects to the extent the interrogatory seeks the terms of any settlement that is confidential and because any information concerning settlement of other lawsuits is not reasonably calculated to lead to the discovery of admissible evidence under Fed. R. Evid. 408. Further, Defendant objects because this interrogatory is overly broad and unduly burdensome because it contains no limitation on the time period of information requested. Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual

basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint.   Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33.   Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002).

**INTERROGATORY NO. 18:**

Describe, state, and identify every document, internal memorandum, e-mail, or other electronic communications system or method through which you or your employees discussed your maintenance, modification, and/or creation of your reinvestigation procedures. Identify all documents that regard such system(s).

**OBJECTIONS:** Defendant objects because the phrase "other electronic communication system or method through which [its] employees discuss ..." is vague and ambiguous because undefined and in the context of its relationship to the preceding parts of this sentence. Defendant objects because this interrogatory is overly broad and unduly burdensome because it contains no limitation on the time period of information requested and seeks "every document, internal memorandum, e-mail, or other electronic communications system or method through which you or your employees discussed your maintenance, modification, and/or creation of your reinvestigation procedures," and because the probative value of the information sought is outweighed by the substantial burdens in attempting to obtain the information. Defendant further objects to the extent that this interrogatory seeks the work product and/or mental impressions of counsel, attorney-client privilege, and information generated in anticipation of litigation and trial, in particular because it contains no limitation on the scope of the time period and would encompass discussions with inside and outside counsel during and after litigation involving credit reporting disputes. Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory

13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint.   Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33.   Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.,* 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002).

**INTERROGATORY NO. 19:**

State the job titles and the number of years that all employees involved with Plaintiff's disputes have been employed by you, describe all training that you have provided to them regarding the investigation of consumer disputes and identify all manuals, documents, videotapes, or other materials that were provided to them in conjunction with said training.

**OBJECTIONS:** Defendant objects because "the number of years that all employees involved in Plaintiff's dispute have been employed by" Litton is not reasonably calculated to lead to the discovery of admissible evidence on the claims and defenses in this case. Defendant also objects because "involved with Plaintiff's disputes" is vague and ambiguous because undefined. Defendant also objects because this interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in asking for a description of "all training" provided to such persons "regarding the investigation of consumer disputes," as it contains no time limitation and it is not limited to the claims in this case, in particular because Plaintiff only alleges a violation of a single section of the FCRA and this section only requires that Defendant to conduct an investigation after receiving notice of a dispute directly from a consumer reporting agency. Defendant objects to the extent that this interrogatory seeks to elicit confidential or proprietary commercial or business information in seeking information and documents concerning Defendant's investigation of consumer disputes and training materials. . Defendant further objects to the extent that this interrogatory seeks the work product and/or mental impressions of counsel, attorney-client privilege, and information generated in anticipation of litigation and trial, in particular because it contains no limitation on the scope of the time period and would encompass discussions with inside and outside counsel

38

during and after litigation involving credit reporting disputes. Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint. Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002). Subject to its right to seek further protections for specific information, Defendant only agrees to provide such information, subject to and without waiving the other objections stated herein, pursuant to the entry of an appropriate Protective Order by the Court.

**INTERROGATORY NO. 20:**

State the name, function, lifecycle history, capacity, and content of any systems as they relate to information stored regarding the Plaintiff or any of her identifiers or as they were used in the course of any investigation regarding the disputed account.

**OBJECTIONS:** Defendant objects because interrogatory seeks to elicit confidential or proprietary commercial or business information in seeking information and documents concerning Defendant's systems for investigating consumer disputes. Defendant also objects because the terms "lifecycle history, capacity and content" are vague and ambiguous because undefined. Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint. Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002). Subject to its right to seek further protections for specific information, Defendant only agrees to provide such information,

subject to and without waiving the other objections stated herein, pursuant to the entry of an appropriate Protective Order by the Court.

**INTERROGATORY NO. 21:**

Identify for each month between July 2008 and December 2011 the reporting information submitted to the consumer reporting agencies for the Litton Loan Servicing account:

- July 2008;
- August 2008;
- September 2008; October 2008;
- November 2008; December, 2008; January 2009;
- February 2009; March 2009;
- April 2009;
- May 2009;
- June 2009;
- July 2009;
- August 2009;
- September 2009;
- October 2009;
- November 2009;
- December, 2009;
- January 2010;
- February 2010;
- March 2010;
- April 2010;
- May 2010;
- June 2010;
- July 2010;

- August 2010;

- September 2010;

- October 2010;

- November 2010;

- December 2010;

- January 2011;

- February 2011;

- March 2011;

- April 2011;

- May 2011;

- June 2011;

- July 2011;

- August 2011;

- September 2011;

- October 2011;

- November 2011;

- December 2011;

**OBJECTIONS:** Defendant objects to the extent this interrogatory seeks to elicit confidential information of third parties. Defendant also objects because the term "the Litton Loan Servicing account" is vague and ambiguous because undefined. Defendant also objects because this interrogatory is unduly burdensome, overly broad and not reasonable calculated to lead to the discovery of admissible evidence because it seeks information from 2008, 2009, and 2010, and does not limit the requested information to the claims and defenses in this case that arise solely in the context of the FCRA in 2011.

43

Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December 15, 2011 Order (Docket No. 21). Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint. Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.,* 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002). Subject to its right to seek further protections for specific information, Defendant only agrees to provide such information, subject to and without waiving the other objections stated herein, pursuant to the entry of an appropriate Protective Order by the Court.

**INTERROGATORY NO. 22:**

If you contend that the plaintiff has ever been personally liable to you for a balance on any account(s), note(s), or other debt(s), for each such account, state the date the Plaintiff became personally liable, the account number, a complete history of all payments received, the balance of the account when Plaintiff became personally liable, the date of any payment which was late after the date of such personal liability, and the legal reason(s) and all facts upon which you rely in concluding that the Plaintiff was personally liable for any outstanding balance and identify all documents which support this conclusion and allegation.

**OBJECTIONS:** Defendant objects to the extent this interrogatory seeks the mental impressions and/or work product of counsel regarding "the legal reason(s)" for believing Plaintiff has "ever been personally liable to [Litton] on any account(s), note(s), or other debt(s)." Defendant also objects because the phrase "ever been personally liable to [Litton] on any account(s), note(s), or other debt(s)" is vague and ambiguous because undefined. Defendant also objects to the extent this interrogatory seeks information the collection of which would be unreasonable or unduly burdensome, given the needs of the case and the availability of alternative, less burdensome or expensive means of obtaining the same or similar information. This objection includes but is not limited to instances in which information is publicly available, or equally available to Defendant and Plaintiff, or already in the possession, custody and/or control of Plaintiff including but not limited to information exchanged between Defendant and Plaintiff regarding the mortgage account at issue in Plaintiff's Complaint before the instant litigation was filed. Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's December

15, 2011 Order (Docket No. 21).   Considering only that there are 22 separately numbered interrogatories, and interrogatory 13 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 5 separate affirmative and other defenses, Plaintiff's Complaint contains 61 numbered paragraphs, and Litton denied the allegations of more than 50 paragraphs of the Complaint.    Therefore, Plaintiff served at least 55 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002). Subject to its right to seek further protections for specific information, Defendant only agrees to provide such information, subject to and without waiving the other objections stated herein, pursuant to the entry of an appropriate Protective Order by the Court.

Dated:   January 9, 2012

Respectfully submitted,

LITTON LOAN SERVICING LP

By: _____

Of Counsel

John C. Lynch (VSB No. 39267)
Ethan G. Ostroff (VSB No. 71610)
*Counsel for Defendant Litton Loan Servicing LP*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-1597
E-mail: john.lynch@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com

46

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

VICTORIA L. FRAZIER,

     Plaintiff,

   v.                              Civil Action No. 3:11cv00497-JRS

EXPERIAN INFORMATION
SOLUTIONS, INC., *et al.*

     Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January, 2012, a true and correct copy of the foregoing were sent via electronic mail and first class mail, postage prepaid, to the following counsel of record:

**Counsel for Plaintiff**
Kristi Cahoon Kelly
Surovell Isaacs Petersen & Levy PLC
4010 University Drive, 2nd Floor
Fairfax, Virginia 22030
Email: kkelly@smilaw.com

Leonard A. Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
E-mail: lenbennett@cox.net

Matthew J. Erausquin
Consumer Litigation Assoc PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
E-mail: matt@clalegal.com

47

**Counsel for Defendant Experian Information Solutions, Inc.**
David N. Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
E-mail: david.anthony@troutmansanders.com

_____

John C. Lynch (VSB No. 39267)
*Counsel for Defendant Litton Loan Servicing LP*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com

428418v1