## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**VICTORIA L. FRAZIER,**

> **Plaintiff,**

> **v.**                                                                          **Civil Action No. 3:11cv497-JRS**

**EXPERIAN INFORMATION**
**SOLUTIONS, INC.,** *et al.*

> **Defendants.**

## DEFENDANT LITTON LOAN SERVICING LP'S OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Litton Loan Servicing LP ("Litton" and/or "Defendant"), by counsel, submits the following objections to Plaintiff's First Set of Request for Production of Documents.

### PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

Defendant's objections herein are given without prejudice to Defendant's right to provide subsequent relevant information and/or documents, or to add, modify, supplement, or otherwise change or amend its objections to the Requests for Documents as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery. To the extent attorney notes, work product and/or attorney-client communications are or become responsive to any of the following requests, Defendant expressly reserves it rights to assert such objections. The information contained in Defendant's objections are also subject to correction for omissions or errors. Defendant reserves the right to supplement its objections and responses to any of Plaintiff's discovery requests up until the time of trial.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

Produce all documents identified in your answers to Plaintiffs First Set of Interrogatories.

**OBJECTIONS:** Defendant objects to the extent that this request seeks to elicit trade secrets or other confidential or proprietary commercial or business information that is requested in Plaintiff's First Set of Interrogatories, and incorporates herein by reference the objections asserted therein to those interrogatories that seek the identification of confidential documents. Subject to its right to seek further protections for specific information, and subject to and without waiving the other objections stated herein, to the extent any responsive documents exist they will only be produced pursuant to the entry of an appropriate Protective Order by the Court. Defendant further incorporates herein its other objections made to Plaintiff's interrogatories involving requests to identify documents. Defendant also objects because this request is overly broad and unduly burdensome to the extent it purports to require Defendant to produce a privilege log or list of individual documents when a categorical identification of certain documents would be sufficient to assert privilege for those documents. *See, e.g.*, Advisory Committee notes to 1993 Amendments to Fed. R. Civ. P. 26(b).

**REQUEST NO. 2:**

Produce all documents in your possession with regard to the Plaintiff or the subject of this suit.

**OBJECTIONS:** This request is objectionable because it seeks documents protected by the attorney-client privilege, work product privilege, mental impressions of counsel, and

documents generated in anticipation of litigation and trial, including but not limited to documents generated with respect this litigation regarding Plaintiff and/or the subject of this suit.  Defendant also objects because this request is overly broad and unduly burdensome to the extent it purports to require Defendant to produce a privilege log or list of individual documents when a categorical identification of certain documents would be sufficient to assert privilege for those documents. *See, e.g.*, Advisory Committee notes to 1993 Amendments to Fed. R. Civ. P. 26(b).  Defendant also objects that this request is overly broad and unduly burdensome to the extent it purports to require Defendant to produce a privilege log or list of individual documents when a categorical identification of certain documents would be sufficient to assert privilege for those documents. *See, e.g.*, Advisory Committee notes to 1993 Amendments to Fed. R. Civ. P. 26(b).  Defendant also objects to this request because it seeks documents the collection of which would be unreasonable and unduly burdensome, given the needs of the case and the availability of alternative, less burdensome or expensive means of obtaining the same or similar information, including but not limited to instances in which information is equally available to Defendant and Plaintiff, or already in the possession, custody and/or control of Plaintiff, including but not limited to documents and correspondence from previous litigation that was exchanged between the parties thereto, including but not limited to between Plaintiff and Defendant, regarding the Plaintiff and/or the subject of this lawsuit.

**REQUEST NO. 3:**

Produce all correspondence between you and any co-defendant or the Plaintiff, which regard the subject of this lawsuit or the Plaintiff.

**OBJECTIONS:** Defendant objects to this request because it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it contains no limitation on the time period specified and this suit was not filed until 2011. Defendant also objects to this request because it seeks documents the collection of which would be unreasonable and unduly burdensome, given the needs of the case and the availability of alternative, less burdensome or expensive means of obtaining the same or similar information, including but not limited to instances in which information is equally available to Defendant and Plaintiff, or already in the possession, custody and/or control of Plaintiff, including but not limited to documents and correspondence from previous litigation that was exchanged between the parties thereto, including but not limited to between Plaintiff and Defendant, regarding the Plaintiff and/or the subject of this lawsuit. Further, it is overly broad and unduly burdensome in seeking documents delivered via mail or otherwise to Litton by co-defendants and/or third parties that can be obtained from co-defendants and/or third parties.

**REQUEST NO. 4:**

Produce all correspondence between you and the Plaintiff, which regard the subject of this lawsuit or the Plaintiff.

**OBJECTIONS:** Defendant objects because this request is duplicative of Request No. 3, *supra*. Defendant objects to this request because it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it contains no limitation on the time period specified and this suit was not filed until 2011. Defendant also objects to this request because it seeks documents the collection of which

would be unreasonable and unduly burdensome, given the needs of the case and the availability of alternative, less burdensome or expensive means of obtaining the same or similar information, including but not limited to instances in which information is equally available to Defendant and Plaintiff, or already in the possession, custody and/or control of Plaintiff, including but not limited to documents and correspondence from previous litigation that was exchanged between the parties thereto, including but not limited to between Plaintiff and Defendant, regarding the Plaintiff and/or the subject of this lawsuit.

**REQUEST NO. 5:**

Produce all documents that were mailed, e-mailed or otherwise delivered to you by the Plaintiff or any co-Defendant that regard the subject of this lawsuit or the Plaintiff.

**OBJECTIONS: Defendant objects because this request is duplicative of Request Nos. 2, 3 and 4,** *supra.* **Defendant objects to this request because it seeks documents sent by Plaintiff to Defendant, as well as documents sent to Defendant by co-defendants in this case, the collection of which would be unreasonable and unduly burdensome, given the needs of the case and the availability of alternative, less burdensome or expensive means of obtaining the same or similar information, including but not limited to instances in which the documents are equally available to Defendant and Plaintiff, or already in the possession, custody and/or control of Plaintiff, including but not limited to documents and correspondence that was exchanged between Plaintiff and Defendant, regarding the Plaintiff and/or the subject of this lawsuit. Further, it is overly broad and unduly burdensome in seeking documents delivered via mail or otherwise to Litton by other defendants that can be obtained from other defendants.**

**REQUEST NO. 6:**

Produce all documents or exhibits, which you intend to produce at trial.

**OBJECTIONS:** Defendant objects because this request is premature under the Court's Scheduling Order and the Federal Rules of Civil Procedure, both of which Defendant will comply with. Defendant further objects to the extent this request seeks the mental impressions and/or work product of counsel in determining what documents or exhibits to use at trial, in particular documents to use for impeachment and which are not required to be identified prior to trial because it is virtually impossible to know prior to trial what documents will be necessary for impeachment at trial.

**REQUEST NO. 7:**

Produce all documents that detail or describe your procedures for compliance with 15 U.S.C. §1681s-2(b), since January 1, 2008.

**OBJECTIONS:** Defendant objects that the request for "all documents ... since January 1, 2008" is overly broad and unduly burdensome because it encompasses a four year period and any procedures existing prior to the dates of the underlying allegations are irrelevant to the claims and defenses in this case that allegedly arose in 2011 and the probative value is outweighed by the cost and expense of attempting to locate "all documents" that might be responsive to this request. This request is objectionable to the extent that it seeks documents protected by the attorney-client privilege, work product privilege, mental impressions of counsel privilege, and/or seeks documents generated in anticipation of litigation and trial, including but not limited to documents generated with

respect to this litigation regarding Plaintiff and/or the subject of this suit. **Defendant also objects because this request is overly broad and unduly burdensome to the extent it purports to require Defendant to produce a privilege log or list of individual documents when a categorical identification of certain documents would be sufficient to assert privilege for those documents.** *See, e.g.*, **Advisory Committee notes to 1993 Amendments to Fed. R. Civ. P. 26(b). Defendant also objects to the extent that this request seeks to elicit trade secrets or other confidential or proprietary commercial or business information. Subject to its right to seek further protections for specific information, and subject to and without waiving the other objections stated herein, to the extent any responsive documents exist they will only be produced pursuant to the entry of an appropriate Protective Order by the Court.**

## REQUEST NO. 8:

Produce all documents that contain the Plaintiff's name, social security number, and/or address.

**OBJECTIONS: This request is objectionable to the extent that it seeks documents protected by the attorney-client privilege, work product privilege, mental impressions of counsel privilege, and/or seeks documents generated in anticipation of litigation and trial, including but not limited to documents generated with respect to this litigation regarding Plaintiff and/or the subject of this suit. Defendant also objects because this request is overly broad and unduly burdensome to the extent it purports to require Defendant to produce a privilege log or list of individual documents when a categorical identification of certain documents would be sufficient to assert privilege for those documents.** *See, e.g.*,

Advisory Committee notes to 1993 Amendments to Fed. R. Civ. P. 26(b). Defendant objects to this request because it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it contains no limitation on the time period specified, in particular because there is a two year statute of limitations under the FCRA, a one year statute of limitations under the Virginia Code for defamation, and at least some of Plaintiff's claims are barred by the doctrine of res judicata. Defendant also objects to this request because it seeks documents the collection of which would be unreasonable and unduly burdensome, given the needs of the case and the availability of alternative, less burdensome or expensive means of obtaining the same or similar information, including but not limited to instances in which information is equally available to Defendant and Plaintiff, or already in the possession, custody and/or control of Plaintiff, including but not limited to documents and correspondence from previous litigation that was exchanged between the parties thereto, including but not limited to between Plaintiff and Defendant, regarding the Plaintiff and/or the subject of this lawsuit. This request is objectionable because it seeks documents protected by the attorney-client privilege, work product privilege, mental impressions of counsel, and documents generated in anticipation of litigation and trial, including but not limited to documents generated with respect to prior litigation and this litigation regarding Plaintiff and/or the subject of this suit. Defendant also objects because this request is overly broad and unduly burdensome to the extent it purports to require Defendant to produce a privilege log or list of individual documents when a categorical identification of certain documents would be sufficient to assert privilege for those documents. *See, e.g.*, Advisory Committee notes to 1993 Amendments to Fed. R. Civ. P. 26(b).

**REQUEST NO. 9:**

Produce all manuals that describe, detail or explain the operation of or any codes within any computer program or software in which data has been compiled, created stored or organized pertaining to the Plaintiff or any account(s) attributed or related to her.

**OBJECTIONS: Defendant objects to the extent that this request seeks to elicit trade secrets or other confidential or proprietary commercial or business information. Defendant also objects because this request is unduly burdensome and overly broad and unreasonable considering the time and expense necessary to identify and produce such documents outweighs any probative value the requested documents may have to the claims and defenses in this case, in particular because any such "manuals" are not necessary to interpret any such "codes" used in any "computer program or software" of Defendant's and this request is also not limited to interpreting any "codes" specific to information relating to Plaintiff persons involved with Plaintiff's account regarding the claims in this case. Subject to its right to seek further protections for specific information, and subject to and without waiving the other objections stated herein, to the extent any responsive documents exist they will only be produced pursuant to the entry of an appropriate Protective Order by the Court.**

**REQUEST NO. 10:**

Produce all documents pertaining to or containing explanation(s), instruction(s) or procedure(s) for your reporting of credit information or investigation of credit information disputes.

**OBJECTIONS:** Defendant objects that the request for is overly broad and unduly burdensome because it includes no time limitation and any revisions prior to the dates of the underlying allegations are irrelevant to the claims and defenses in this case. This request is also overly broad and unduly burdensome and irrelevant to the claims and defenses in this case because the request is not tailored to Plaintiff's claims in this case since this request seeks documents regarding "reporting of credit information." Defendant also objects to the extent that this request seeks to elicit trade secrets or other confidential or proprietary commercial or business information. This request is objectionable to the extent that it seeks documents protected by the attorney-client privilege, work product privilege, mental impressions of counsel privilege, and/or seeks documents generated in anticipation of litigation and trial, including but not limited to documents generated with respect to this litigation regarding Plaintiff and/or the subject of this suit. Defendant also objects because this request is overly broad and unduly burdensome to the extent it purports to require Defendant to produce a privilege log or list of individual documents when a categorical identification of certain documents would be sufficient to assert privilege for those documents. *See, e.g.*, Advisory Committee notes to 1993 Amendments to Fed. R. Civ. P. 26(b). Defendant also objects because this request is unduly burdensome and overly broad and unreasonable considering the time and expense necessary to identify and produce such documents outweighs any probative value the requested documents may have to the claims and defenses in this case. Defendant also objects because the term "investigations" is vague and ambiguous because undefined, and only acts taken in response to a notice of dispute received by Defendant directly from a consumer reporting agency are relevant to the claims and defenses in this case thus this request is overly broad,

unduly burdensome and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to its right to seek further protections for specific information, and subject to and without waiving the other objections stated herein, to the extent any responsive documents exist they will only be produced pursuant to the entry of an appropriate Protective Order by the Court.

**REQUEST NO. 11:**

Produce all manuals, instructional materials, training videos or tapes or other documents provided to you by Experian and Trans Union that pertain to your credit reporting procedures and/or your compliance with the Federal Fair Credit Reporting Act.

**OBJECTION:** Defendant objects that the request for is overly broad and unduly burdensome because it includes no time limitation. Defendant also objects because this request is unduly burdensome and overly broad and unreasonable considering the time and expense necessary to identify and produce such documents outweighs any probative value the requested documents may have to the claims and defenses in this case, in particular because these documents are also available from co-defendants Experian and Trans Union. Defendant also objects to the extent that this request seeks to elicit trade secrets or other confidential or proprietary commercial or business information of third parties. Subject to its right to seek further protections for specific information, and subject to and without waiving the other objections stated herein, to the extent any responsive documents exist they will only be produced pursuant to the entry of an appropriate Protective Order by the Court.

**REQUEST NO. 12:**

Produce all minutes, memos, letters, emails or other documents, electronic or non-electronic which pertain to or regard each and every occasion on which any of your employees or agents has communicated or met with any employee or agent of Experian regarding the allegations, facts, positions, findings, holdings, verdict, decisions or opinions which were presented, made, asserted, rendered or written by Linda Slater (Linda Johnson), MBNA or the District Court or Court of Appeals in the case Linda Slater (Linda Johnson) v. MBNA, Eastern District of Virginia, Civ. No. 3:02CV523.

**OBJECTIONS:** Defendant objects that the request for is overly broad and unduly burdensome because it includes no time limitation.  Defendant objects to the extent that this request seeks to elicit trade secrets or other confidential or proprietary commercial or business information.  Defendant also objects because this request is unduly burdensome and overly broad and unreasonable considering the time and expense necessary to identify and produce such documents outweighs any probative value the requested documents may have to the claims and defenses in this case.  This request is objectionable to the extent that it seeks documents protected by the attorney-client privilege, work product privilege, mental impressions of counsel privilege, and/or seeks documents generated in anticipation of litigation and trial, including but not limited to documents generated with respect to this litigation regarding Plaintiff and/or the subject of this suit.  Defendant also objects because this request is overly broad and unduly burdensome to the extent it purports to require Defendant to produce a privilege log or list of individual documents when a categorical identification of certain documents would be sufficient to assert privilege for those documents.  *See, e.g.*, Advisory Committee notes to 1993 Amendments to Fed. R. Civ. P.

26(b). Subject to its right to seek further protections for specific information, and subject to and without waiving the other objections stated herein, to the extent any responsive documents exist they will only be produced pursuant to the entry of an appropriate Protective Order by the Court.

**REQUEST NO. 13:**

Please produce every document that regards and/or describes each and every change which you have instituted or made to your procedures and policies for creating and/or publishing consumer reports or the reinvestigation of consumer disputes after the Sixth Circuit's decision in Johnson v. MBNA,

**OBJECTIONS: Defendant objects that the request for is overly broad and unduly burdensome because it includes no time limitation. This request is objectionable because it seeks the mental impressions of counsel, documents protected by the work product privilege, and documents generated in anticipation of litigation and trial, including but not limited to documents generated with respect to prior litigation, and to the extent it seeks documents encompassed by the attorney-client privilege. Defendant also objects because this request is overly broad and unduly burdensome to the extent it purports to require Defendant to produce a privilege log or list of individual documents when a categorical identification of certain documents would be sufficient to assert privilege for those documents.** *See, e.g.,* **Advisory Committee notes to 1993 Amendments to Fed. R. Civ. P. 26(b). Defendant also objects because this request is unduly burdensome and overly broad and unreasonable considering the time and expense necessary to identify and produce such documents outweighs any probative value the requested documents may have to the claims**

and defenses in this case.  **Defendant further objects because it is not aware of any "Sixth Circuit[] decision in Johnson v. MBNA."  This request is also overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it asks for documents from over seven years ago and any documents reflecting any "changes" "regarding the duties of furnishers of credit information" are irrelevant beyond the actual policies and procedures in place at the times relevant to the claims and defenses in this case.**

**REQUEST NO. 14:**

Produce the personnel file(s) of each of your employees who ever conducted an investigation or reinvestigation of any information ever placed in the Plaintiff s file or regarding the Plaintiff or any account, which you had attributed to her.

**OBJECTIONS:** Defendant objects to this request because the personnel file(s) of its employees and information contained therein is irrelevant to the claims and defenses in this case and contains confidential information.  It is also objectionable to the extent this request seeks information that may be protected by third parties rights of privacy. Defendant further objects to the extent this request seeks the personnel file of Litton's in-house counsel as being overly broad, unduly burdensome and wholly irrelevant to the claims and defenses in this case. Defendant also objects because the terms "investigation" and "reinvestigation" are vague and ambiguous because undefined.  This request is objectionable because it seeks the mental impressions of counsel, documents protected by the work product privilege, and documents generated in anticipation of litigation and trial, including but not limited to documents generated with respect to prior litigation, and to the

extent it seeks documents encompassed by the attorney-client privilege.  Defendant also objects because this request is overly broad and unduly burdensome to the extent it purports to require Defendant to produce a privilege log or list of individual documents when a categorical identification of certain documents would be sufficient to assert privilege for those documents. *See, e.g.*, Advisory Committee notes to 1993 Amendments to Fed. R. Civ. P. 26(b).  Defendant also objects because this request is unduly burdensome and overly broad and unreasonable considering the time and expense necessary to identify and produce such documents outweighs any probative value the requested documents may have to the claims and defenses in this case.  Defendant further objects because this request is overly broad and unduly burdensome because it contains no time limitation on the request and the underlying allegations in the Complaint only date back to 2011.

**REQUEST NO. 15:**

Produce every manual or other document which explains and/or describes when, how and under what circumstances you archive, retain or capture account data in any file bearing any of Plaintiffs personal identifiers.

**OBJECTIONS:** Defendant objects to the extent that this request seeks to elicit trade secrets or other confidential or proprietary commercial or business information Subject to its right to seek further protections for specific information, and subject to and without waiving the other objections stated herein, to the extent any responsive documents exist they will only be produced pursuant to the entry of an appropriate Protective Order by the Court.  Defendant also objects because this request is unduly burdensome and overly broad and unreasonable considering the time and expense necessary to identify and

produce such documents outweighs any probative value the requested documents may have to the claims and defenses in this case.  Defendant further objects because this request is overly broad and unduly burdensome because it contains no time limitation on the request and the underlying allegations in the Complaint only date back to 2011.  Defendant further objects to the extent this request seeks documents covered by attorney-client privilege, or which involve the mental impressions and/or work product of counsel, or are generated in anticipation of litigation and/or trial.  Defendant also objects because this request is overly broad and unduly burdensome to the extent it purports to require Defendant to produce a privilege log or list of individual documents when a categorical identification of certain documents would be sufficient to assert privilege for those documents.  *See, e.g.*, Advisory Committee notes to 1993 Amendments to Fed. R. Civ. P. 26(b).

**REQUEST NO. 16:**

Produce each Consumer Dispute Verification or Automated Consumer Dispute Verification [CDV or ACDV] communication or other dispute communication you received from any consumer reporting agency that regarded the Plaintiff or any of her personal identifiers.

**OBJECTIONS:** Defendant objects because this request is unduly burdensome and overly broad and unreasonable considering the time and expense necessary to identify and produce such documents outweighs any probative value the requested documents may have to the claims and defenses in this case, in particular because the documents requested can be obtained from the respective consumer reporting agencies who have been named as co-defendants in this case.

**REQUEST NO. 17:**

Produce for each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiffs complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit, produce a copy of any affidavit, deposition, transcript, or report which contains the testimony or opinion(s) of such witness and which has been previously furnished to the court or opposing counsel in such case.

**OBJECTIONS: Defendant objects to this request to the extent it seeks the identification of expert witnesses prior to the date required in this Court's scheduling order, and further objects to the extent this interrogatory seeks the identification of consulting and/or non-testifying experts as beyond the scope of Rule 26. Defendant further objects because the production of "a copy of any affidavit, deposition, transcript, or report which contains the testimony or opinion(s) of such witness and which has been previously furnished to the court or opposing counsel in such case," is overly broad and unduly burdensome because it contains no time limitation. Defendant also objects because it cannot possibly know the requested information for co-defendants and/or third parties, nor whether such persons have testified, etc., in other lawsuits, etc.**

**REQUEST NO. 18:**

Produce all documents prepared by you or on your behalf used in connection with the training, instruction, supervision or evaluation of any of your employees or of any third party paid by you identified in your responses to these interrogatories.

**OBJECTIONS: Defendant objects to the extent that this request seeks to elicit trade secrets or other confidential or proprietary commercial or business information. Subject to its right to seek further protections for specific information, and subject to and without waiving the other objections stated herein, to the extent any responsive documents exist they will only be produced pursuant to the entry of an appropriate Protective Order by the Court. Defendant also objects because this request is unduly burdensome and overly broad and unreasonable considering the time and expense necessary to identify and produce such documents outweighs any probative value the requested documents may have to the claims and defenses in this case, in particular because the training, etc. of Defendant's employees and/or third an party paid by Defendant is entirely unrelated to the claims in this case and this request is also not limited to persons involved with Plaintiff's account regarding the claims in this case. Defendant also objects because this request is vague and ambiguous in its grammatical structure because "identified in your responses to these Interrogatories" is nonsencial because these discovery requests herein are not interrogatories. Defendant also objects to because the requested documents, in particular the request for "evaluation" related documents, are irrelevant to the claims and defenses in this case. It is also objectionable to the extent this request seeks information that may be protected by third parties rights of privacy.**

**REQUEST NO. 19:**

Produce your annual report issued for the fiscal or calendar years 2009, 2010 and 2011. (In lieu of producing such documents, you may produce a written stipulation of the amount of your Net Worth as of January 1, 2012).

**OBJECTIONS:** This request is overly broad and unduly burdensome because it seeks the discovery of confidential and proprietary information for three (3) years, and seeks annual reports of a privately held company that is not reasonably calculated to lead to the discovery of admissible evidence concerning Plaintiff's claims for punitive damages, which are limited to current "net worth." Anything other than Defendant's current net worth is irrelevant to the issue of punitive damages. *See, e.g., Clark v. Baka*, 2008 U.S. Dist. LEXIS 84570 (E.D. Ark. Oct. 9, 2008) ("The Court observes that, if a case is made for punitive damages, the current net worth (not income statements) is the appropriate financial information to be produced."). Plaintiff's request exceeds what is permissible under Rules 26, 34 and relevant case law. Plaintiff's request seeking the production of Defendant's "annual report issued for either the fiscal or calendar years 2008, 2009, and 2010" exceeds the limits of discoverable information with respect to a claim for punitive damages. Defendant is willing to fashion an agreement to hold discovery on this issue in abeyance under the Supreme Court's 2007 decision in *Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007), unless and until Plaintiff establishes a willful violation of the FCRA occurred. If no agreement can be reached, Defendant may move for a protective order for the reasons identified below. Further, Defendant objects to the extent that this request seeks to elicit confidential or proprietary commercial or business information in seeking information and documents concerning Defendant's current net worth through the production of "annual

reports."   Subject to their right to seek further protections for specific information, Defendant only agrees to provide such information, subject to and without waiving the other objections stated herein, pursuant to the entry of an appropriate Protective Order by the Court.


## REQUEST NO. 20:

Produce every manual or other document which lists, explains and/or describes any code contained in your customer information systems, any reinvestigation record or file, and any other retained computer record and/or screen/file you generated and accessed regarding Plaintiff or any account attributed to the Plaintiff.

**OBJECTIONS:** Defendant objects to the extent that this request seeks to elicit trade secrets or other confidential or proprietary commercial or business information.  Subject to its right to seek further protections for specific information, and subject to and without waiving the other objections stated herein, to the extent any responsive documents exist they will only be produced pursuant to the entry of an appropriate Protective Order by the Court.  Defendant also objects because this request is unduly burdensome and overly broad and unreasonable considering the time and expense necessary to identify and produce such documents outweighs any probative value the requested documents may have to the claims and defenses in this case, in particular because the request is not limited in time period and is overly broad in seeking manuals and documents explaining, etc., computer records, screen/files, etc., that are unrelated to the claims and defenses in this case.

**REQUEST NO. 21**:

Produce your complete procedures manual for reinvestigations, including all revisions since January 1, 2008.

**OBJECTIONS:** Defendant objects that the request for "revisions since January 1, 2002" is overly broad and unduly burdensome because it encompasses a ten year period and any revisions prior to the dates of the underlying allegations are irrelevant to the claims and defenses in this case. This request is also overly broad and unduly burdensome and irrelevant to the claims and defenses in this case because the request is not tailored to Plaintiff's claims in this case. Defendant also objects to the extent that this request seeks to elicit trade secrets or other confidential or proprietary commercial or business information. Subject to its right to seek further protections for specific information, and subject to and without waiving the other objections stated herein, to the extent any responsive documents exist they will only be produced pursuant to the entry of an appropriate Protective Order by the Court. Defendant also objects because this request is unduly burdensome and overly broad and unreasonable considering the time and expense necessary to identify and produce such documents outweighs any probative value the requested documents may have to the claims and defenses in this case. Defendant also objects because the term "reinvestigations" is vague and ambiguous because undefined, and only acts taken in response to a notice of dispute received by Defendant directly from a consumer reporting agency are relevant to the claims and defenses in this case thus this request is overly broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 22:**

Produce every single document that supports your contention that the Plaintiff is or was the maker of or otherwise legally responsible for the total balance of the mortgage account that was the subject of disputes and her dispute letters to the credit bureaus.

**OBJECTIONS: Defendant objects to this request because it seeks "every single document," the collection of which would be unreasonable and unduly burdensome, given the needs of the case and the availability of alternative, less burdensome or expensive means of obtaining the same or similar information, including but not limited to instances in which information is equally available to Defendant and Plaintiff, or already in the possession, custody and/or control of Plaintiff, including but not limited to documents and correspondence from prior to the litigation that was exchanged between the parties. This request is also vague and ambiguous because "the maker," "otherwise legally responsible," "the mortgage account that was the subject of disputes" are undefined.**

**REQUEST NO. 23:**

Produce any document that you have regarding the establishment, maintenance, implementation, improvement or modification of investigation procedures or of procedures related to the submission and accuracy of data by you to the credit bureaus through Metro 1 or Metro 2.

**OBJECTIONS: This request is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it asks for documents without any time limitation. This request is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence**

because it requests "any document" "regarding" "the establishment, maintenance, implementation, improvement, or modification of investigation procedures or of procedures related to the submission and accuracy of data by you to the credit bureaus through Metro 1 or Metro 2" which are irrelevant to the claims and defenses in this case. In particular, "the submission or accuracy of data" unrelated to Plaintiff and the credit reporting on Plaintiff is entirely irrelevant to this case. This request is also objectionable because "investigation procedures or of procedures related to the submission and accuracy of data" is vague and ambiguous because undefined and the request does not indicate to what this phrase refers to, and further any procedures beyond those involving responding to a notice of dispute from a credit reporting agency under the FCRA are irrelevant to the claims and defenses in this case. Defendant also objects because this request is unduly burdensome and overly broad and unreasonable considering the time and expense necessary to identify and produce such documents outweighs any probative value the requested documents may have to the claims and defenses in this case. Defendant objects to the extent that this request seeks to elicit trade secrets or other confidential or proprietary commercial or business information. Subject to its right to seek further protections for specific information, and subject to and without waiving the other objections stated herein, to the extent any responsive documents exist they will only be produced pursuant to the entry of an appropriate Protective Order by the Court. Defendant also objects because this request is unduly burdensome and overly broad and unreasonable considering the time and expense necessary to identify and produce such documents outweighs any probative value the requested documents may have to the claims and defenses in this case.

**REQUEST NO. 24:**

Produce each Universal Data Form or Automated Universal Data Form [UDF or AUDF] communication you provided to any consumer reporting agency that pertained to the Plaintiff or any of her personal identifiers.

**OBJECTIONS: Defendant objects because this request is unduly burdensome and overly broad and unreasonable considering the time and expense necessary to identify and produce such documents outweighs any probative value the requested documents may have to the claims and defenses in this case, in particular because the documents requested can be obtained from the respective consumer reporting agencies who have been named as co-defendants in this case.**

**REQUEST NO. 25:**

Produce every document, internal memorandum, e-mail or other electronic communications through which you or your employees discussed your maintenance, modification and/or creation of your reinvestigation procedures.

**OBJECTIONS: Defendant objects to the extent this request seeks the mental impressions of counsel, documents protected by the work product privilege, documents generated in anticipation of litigation and trial, and/or documents covered by the attorney-client privilege.   Defendant also objects because this request is overly broad and unduly burdensome to the extent it purports to require Defendant to produce a privilege log or list of individual documents when a categorical identification of certain documents would be sufficient to assert privilege for those documents. *See, e.g.*, Advisory Committee notes to**

1993 Amendments to Fed. R. Civ. P. 26(b). This request is also overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it asks for documents without any time limitation and any documents reflecting any "discussions" regarding "maintenance, modification, and/or creation of" of "reinvestigation procedures" are irrelevant to the claims and defenses in this case. This request is also objectionable because "reinvestigation procedures" is vague and ambiguous because undefined and the request does not indicate to what this phrase refers to, and further any procedures beyond those involving responding to a notice of dispute from a credit reporting agency under the FCRA are irrelevant to the claims and defenses in this case. Defendant also objects because this request is unduly burdensome and overly broad and unreasonable considering the time and expense necessary to identify and produce such documents outweighs any probative value the requested documents may have to the claims and defenses in this case. Defendant objects to the extent that this request seeks to elicit trade secrets or other confidential or proprietary commercial or business information. Subject to its right to seek further protections for specific information, and subject to and without waiving the other objections stated herein, to the extent any responsive documents exist they will only be produced pursuant to the entry of an appropriate Protective Order by the Court.

## REQUEST NO. 26:

Produce the application(s), monthly statements and any other documents that pertain to any account(s) for which you contend that the Plaintiff has ever been personally liable to you.

**OBJECTIONS:** Defendant objects to this request because it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it contains no limitation on the time period specified. Defendant also objects to this request because it seeks documents the collection of which would be unreasonable and unduly burdensome, given the needs of the case and the availability of alternative, less burdensome or expensive means of obtaining the same or similar information, including but not limited to instances in which information is equally available to Defendant and Plaintiff, or already in the possession, custody and/or control of Plaintiff, including but not limited to documents and correspondence exchanged between the parties hereto regarding the Plaintiff and/or the subject of this lawsuit. Defendant also objects because the phrase "personally liable to you" is vague and ambiguous because undefined.

**REQUEST NO. 27:**

Produce any settlement agreement in which you have been a party, which disposed of any lawsuit in which you have been sued for your alleged violation of 15 U.S.C. §1681s-2.

**OBJECTIONS:** Defendant objects because this request seeks documents the collection of which would be unreasonable and unduly burdensome given the time and expense involved in producing such documents and their irrelevancy and lack of probative value to the claims and defenses in this case. Defendant also objects because this request is overly broad considering the time and expense necessary to identify and produce such documents outweighs any probative value the requested documents may have to the claims and defenses in this case. Defendant also objects to the extent the request seeks the terms of any settlement that is confidential. Defendant also objects because settlement

agreements from lawsuits involving allegations of violating this section of the FCRA, to the extent they exist, are irrelevant to the claims and defenses in this case. Defendant also objects because any information concerning settlement of other lawsuits is not reasonably calculated to lead to the discovery of admissible evidence under Fed. R. Evid. 408. Further, Defendant objects because this request is overly broad and unduly burdensome because it contains no limitation on the time period of documents requested.


**REQUEST NO. 28:**

Produce any documents that list the names, positions and job descriptions of all of your employees.

**OBJECTIONS:** Defendant objects because this request is overly broad and unduly burdensome to the extent it attempts to require Defendant to create documents that do not necessarily exist by compiling data from various sources. Defendant objects because this request is overly broad, unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the claims and defenses in this case since the names, positions and job descriptions "of all of" Defendant's "employees" is irrelevant. Defendant also objects because this request seeks documents the collection of which would be unreasonable and unduly burdensome given the needs of the case, the claims and defenses at issue, time and expense involved in producing such documents, and their irrelevancy and lack of probative value because the identities and job description of all of Defendant's employees has nothing to do with the claims made in this case. Defendant objects to this request because it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it contains

no limitation on the time period specified, in particular because prior employees of Litton who were no  longer working for Litton at the time of the underlying allegations are entirely irrelevant.  Defendant further objects to the extent this request seeks information that may be protected by third parties rights of privacy.

**REQUEST NO. 29:**

Please produce any document that details and describes the organizational structure of your company.

**OBJECTIONS: Defendant objects that this request is overly broad, unduly burdensome, and seeks documents beyond the scope of discovery found in Rule 26 because the organization structure of Defendant is irrelevant.  Defendant objects because this request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the claims and defenses in this case since a "document which details and describes the organizational structure of" Defendant is irrelevant. Defendant also objects to the extent this request purports to require Defendant to create a document that does not already exist.  Furthermore, this request is objectionable because it may be interpreted to seek documents that are confidential and proprietary. Subject to its right to seek further protections for specific information, and subject to and without waiving the other objections stated herein, to the extent any responsive documents exist they will only be produced pursuant to the entry of an appropriate Protective Order by the Court.**

**REQUEST NO. 30:**

Please produce a copy of any mortgage loan documents signed by the Plaintiff.

**OBJECTION**: Defendant objects because this request is duplicative of Request Nos. 2 and 3, *supra*. Defendant objects because phrase "any mortgage loan documents" is vague and ambiguous because undefined. Defendant also objects to the extent this interrogatory seeks information the collection of which would be unreasonable or unduly burdensome, given the needs of the case and the availability of alternative, less burdensome or expensive means of obtaining the same or similar information. This objection includes but is not limited to instances in which information is publicly available, or equally available to Defendant and Plaintiff, or already in the possession, custody and/or control of Plaintiff including but not limited to information exchanged between Defendant and Plaintiff regarding the mortgage account at issue in Plaintiff's Complaint before the instant litigation was filed.

Dated:   January 9, 2012

Respectfully submitted,

LITTON LOAN SERVICING LP

By: _____
　　　　　Of Counsel

John C. Lynch (VSB No. 39267)
Ethan G. Ostroff (VSB No. 71610)
*Counsel for Defendant Litton Loan Servicing LP*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-1597
E-mail: john.lynch@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VICTORIA L. FRAZIER,

      Plaintiff,

v.                                 Civil Action No. 3:11cv00497-JRS

EXPERIAN INFORMATION
SOLUTIONS, INC., *et al.*

      Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January, 2012, a true and correct copy of the foregoing were sent via electronic mail and first class mail, postage prepaid, to the following counsel of record:

**Counsel for Plaintiff**
Kristi Cahoon Kelly
Surovell Isaacs Petersen & Levy PLC
4010 University Drive, 2nd Floor
Fairfax, Virginia 22030
Email: kkelly@smillaw.com

Leonard A. Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
E-mail: lenbennett@cox.net

Matthew J. Erausquin
Consumer Litigation Assoc PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
E-mail: matt@clalegal.com

**<u>Counsel for Defendant Experian Information Solutions, Inc.</u>**
David N. Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
E-mail: david.anthony@troutmansanders.com

John C. Lynch (VSB No. 39267)
*Counsel for Defendant Litton Loan Servicing LP*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com

428421v1