

# BAKER DONELSON
BEARMAN, CALDWELL & BERKOWITZ, PC

TRI-CITIES TENNESSEE/VIRGINIA
100 MED TECH PARKWAY
SUITE 200
JOHNSON CITY, TENNESSEE 37604
PHONE: 423.928.0181
FAX: 423.928.5694
KINGSPORT: 423.246.6191
MAILING ADDRESS:
P.O. BOX 3038
JOHNSON CITY, TENNESSEE 37602

www.bakerdonelson.com

GARY EDWARDS
**Direct Dial**: 423-975-7634
**Direct Fax**: 423-979-7634
**E-Mail Address**: gedwards@bakerdonelson.com

February 13, 2012

**VIA EMAIL (2/13/12) AND**
**REGULAR MAIL (2/14/12)**
Leonard Anthony Bennett, Esq.
Susan Mary Rotkis, Esq.
Consumer Litigation Associates, PC
12515 Warwick Blvd., Suite 1000
Newport News, VA 23606
lenbennett@cox.net; lenbennett@clalegal.com;
srotkis@clalegal.com

Re: *Victoria L. Frazier v. Experian Information Solutions, et. al.*;
U.S. District Court for the Eastern District of Virginia (Richmond Division);
Case No. 3:11cv497-JRS.

Dear Len:

We are in receipt of the two (2) deposition notices that you recently served in the above action. In one notice, you request a 30(b)(6) deposition of Litton Loan Servicing LP on February 15, 2012 in Virginia Beach, Virginia; and in the other notice you request certain 30(b)(1) depositions on February 23, 2012 in Virginia Beach, Virginia. It is my understanding that you noticed those depositions without any prior correspondence with counsel for Litton; but have subsequently agreed to reschedule those depositions.

Out of an abundance of precaution, we wanted to let you know in advance of February 15, 2012 that we view the notices as improper, untimely and unreasonable under the *Federal Rules of Civil Procedure*; and therefore we will <u>not</u> be appearing for those depositions or presenting a witness at the times and locales set forth in your notices. For instance, you have not given us a sufficient amount of notice to present a 30(b)(6) deposition of Litton, and you have noticed all of the requested depositions in improper locations. We also view the requested 30(b)(1) depositions as duplicative, and unlikely to result in any additional information other than that obtained in your 30(b)(6) deposition. Accordingly, we object to the requested depositions and notices.

J GLE 126745 v1

0-0 02/13/2012

ALABAMA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • WASHINGTON, D.C. • BEIJING, CHINA
Representative Office,
BDBC International, LLC

Len Bennett, Esq.
February 13, 2012
Page 2

    We will, though, agree to present a Litton 30(b)(6) representative/s in the jurisdiction wherein the case is pending (i.e., Richmond) on a day mutually available to the parties and their counsel. We propose that after that deposition we discuss whether any 30(b)(1) depositions are truly necessary. Notably, any 30(b)(1) depositions that are ultimately taken will need to be taken in the locale wherein the deponent resides. Please let me know your availability for the 30(b)(6) deposition in Richmond. We request that that deposition be scheduled at least 30 days in advance, and we do not object to you taking the deposition after the February 28 discovery deadline, if necessary.

    Thank you for your attention to this matter, and I look forward to hearing back from you.

                      Sincerely,

                        BAKER, DONELSON, BEARMAN,
                        CALDWELL & BERKOWITZ, PC

                        Gary Edwards

cc:    Kristi Cahoon Kelly, Esq. (via email only: kkelly@smillaw.com; omacias@smillaw.com)

J GLE 126745 v1

0-0 02/13/2012