UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**VICTORIA L. FRAISER,**

    **Plaintiff,**

vs.

                                                   CIVIL DOCKET NO: 3:11cv497-JRS

**EXPERIAN INFORMATION
SOLUTIONS, INC. TRANS UNILON
LLC., AND LITTON LOAN
SERVICING, L.P.,**

    **Defendants.**

<u>**AFFIDAVIT**</u>

In support of Plaintiff's Motion for Partial Summary Judgment, and in opposition to Defendant Litton Loan Servicing's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment, the undersigned affiant, Peter Nash Swisher, makes this Affidavit, and states the following:

1. My name is Peter Nash Swisher. I am a Professor of Law at the University of Richmond Law School, where I teach Family Law, Tort Law, and Insurance Law. I received a B.A. degree from Amherst College, a M.A. degree from Stanford University, and a J.D. degree from the University of California, Hastings College of Law. I am a member of the California and Virginia State Bars (both currently on inactive status) and I have been admitted to practice in the Eastern District of Virginia and the Fourth Circuit Court of Appeals, and the Northern District of California, and the Ninth Circuit Court of Appeals. I was a former Chair of the Association of American Law Schools Family and Juvenile Law Section.

1

2. Among my publications in the area of Family Law are: Co-author, VIRGINIA FAMILY LAW: THEORY, PRACTICE, AND FORMS (Thomson West Virginia Practice Series, 2011 revised edition); Co-author, UNDERSTANDING FAMILY LAW (LexisNexis, 3rd edition, 2005); and Co-author, FAMILY LAW: CASES, MATERIALS, AND PROBLEMS (LexisNexis, 3rd edition, forthcoming 2012) and numerous law review articles.

3. During the past week I was asked by Plaintiff's attorney to review Defendant Litton Loan Servicing's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment, specifically Part B. of Defendant's Argument (pages 15-17) where Defendant argues that "Assuming *arguendo* that Plaintiff did not actually sign any documents obligating her to pay the mortgage on the property, she is still responsible for payment of the mortgage as a matter of law under the doctrine of necessaries and other jurisprudence..." Defendant Litton Loan Servicing then cited Va. Code Sec. 55-37 and Chapter 4:7 of my treatise VIRGINIA FAMILY LAW as supporting authority.

4. With all due respect to Defendant, it is my opinion that Defendant Litton Loan has misstated and misapplied Virginia's Doctrine of Necessaries, discussed in my Virginia Family Law treatise, to the facts and law of this particular case.

5. Virginia Code Sec. 55-37 states in relevant part: "The doctrine of necessaries as it existed at common law shall apply equally to both spouses...*No lien arising out of a judgment under this section shall attach to the judgment debtor's principal residence held by them as tenants by the entirety.*" (emphasis added). It is my understanding that Mr. and Mrs. Fraiser owned their jointly titled home in tenancy by the entirety. Thus, although the doctrine of necessaries under the common law normally includes food, clothing, shelter, and necessary legal and medical expenses, there is an important exception to this general rule for property owned by tenancy by the entirety. See W. HAMILTON BRYSON, BRYSON ON VIRGINIA CIVIL PROCEDURE (LexisNexis, Fourth Edition) Chapter 18.01[2][g].

2

6. *See also Vasilon v. Vasilon,* 192 Va. 735, 740, 66 S.E.2d 599, 602 (1951) (holding that a "tenancy by the entirety" in Virginia is "completely immune from the claims of creditors against either husband or wife alone"). *See also In re Balthrop,* 2005 Bankr. LEXIS 2713 (E.D. Va. November 28, 2005) at *16 (discussing Va. Code 55-37, and concluding "...[this] court concludes that [creditor] U.Va.'s claim would not be entitled to payment in a Chapter 7 case from the proceeds of the debtor's principal residence held as tenants by the entireties..."). Accordingly, as a matter of law, the doctrine of necessaries in Virginia does **not** apply to the judgment debtor's principal residence held by husband and wife as tenants by the entirety.

7. Defendant Litton Loan Servicing further argues that wife should be obligated on the mortgage of her home by citing to an unpublished Ninth Circuit decision of *Lundell v. Citibank,* 92 F.3d 1192 (9th Cir. 1996), but again the Defendant has misapplied the holding of *Lundell* to the facts and law of the present case. In *Lundell,* the Ninth Circuit Court held that both spouses were obligated to repay a Promissory Note, where only one spouse signed the Note, but both spouses had signed the Deed of Trust. However, the *Lundell* case was decided by applying Arizona law, and Arizona is a community property state that does **not** recognize the concept of tenancy by the entirety, as does Virginia. Indeed, Arizona law provides that if a debt or contractual obligation is incurred during marriage, it is presumed to be a community debt, and clear and convincing evidence is required to overcome this presumption. *See, e.g., Donoto v. Fishburn,* 367 P.2d 245, 246 (Ariz. 1962) and *Hofmann v. Meisner,* 497 P.2d 83, 87 (Ariz. Ct. App. 1972). Moreover, in the *Lundell* case, Mr. and Mrs. Lundell, in addition to signing the Deed of Trust, also made an independent promise linked to their obligations under the Note, together with the use of the proceeds of the Note to benefit their community property. *Id.* at *1. So the *Lundell* case, involving a community property state, can be clearly distinguished from the present case.

3

8. For all the reasons cited above, it is my opinion that, as a matter of law, the Virginia doctrine of necessaries, as incorporated in Va. Code Section 55-37, would **not** apply to the present case.

_March 16, 2012_
Date

_Peter Nash Swisher_
Peter Nash Swisher

Sworn and subscribed before me on:   _March 16, 2012_
(Date)

_Kristine Marzolf Henderson_   Associate Dean
(Signature and Title)

KRISTINE MARZOLF HENDERSON
Notary Public
Commonwealth of Virginia
253283
My Commission Expires Jun 30, 2013

4

KRISTINE MARZOLF HENDERSON
Notary Public
Commonwealth of Virginia
253283
My Commission Expires Jun 30, 2013