UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| VICTORIA L. FRAZIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL DOCKET NO: 3:11cv497-JRS |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC, TRANS UNION ) | |
| LLC, AND LITTON LOAN ) | |
| SERVICING, L.P., ) | |
| ) | |
| Defendants. ) | |

**LITTON LOAN SERVICING, LP'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO MAKE
SUPPLEMENTAL SUMMARY JUDGMENT FILING**

Comes the named Defendant Litton Loan Servicing, LP ("Litton"), and submits this response in opposition to Plaintiff's Motion for Leave to File Supplemental Authority [Doc. 45], as follows:

**I.    BRIEF PROCEDURAL BACKGROUND.**

1.    Plaintiff filed a Motion for Partial Summary Judgment and supporting Memorandum of Law in this action on February 10, 2012. *See* Docs. 28 & 29.

2.    Defendant timely filed its response in opposition to Plaintiff's Motion for Partial Summary Judgment on February 24, 2012. *See* Doc. 33. In its opposition, Defendant requested that summary judgment be granted in its favor in accordance with Rule 56(f) of the *Federal Rules of Civil Procedure. Id.*

3.    Plaintiff moved for two extensions to file her reply memorandum concerning the motions for summary judgment -- one of which was filed after the deadline had expired and after

1

she had already untimely filed her reply. *See* Docs. 35, 37, 38 & 39. Out of professional courtesy, Defendant did not oppose either of the motions.[1]

4. On March 16, 2012, and just days before the hearing on the pending summary judgment motions, Plaintiff moved to make another untimely filing concerning the pending summary judgment motions (*see* Doc. 45).[2]

## II. ARGUMENT.

### A. Untimeliness of Plaintiff's Proposed Filing.

Plaintiff has requested leave to file supplemental authority concerning the pending Motion for Summary Judgment. *See* Doc. 45. Notably, this is the third request by Plaintiff for the untimely filing of papers related to the pending Motion for Summary Judgment. *See* Docs. 35, 37, 38, 39 & 45. And counsel for Plaintiff did not attempt to confer with counsel for Defendant prior to the untimely filing of the last two (2) requests.

Plaintiff took twenty-one (21) days to submit the proposed filing in reply to Defendant's opposition to Plaintiff's summary judgment motion. Of course, the local rule only permits three (3) days to submit the reply. Although Defendant notes the untimeliness of Defendant's summary judgment papers, Defendant's objection is more centered upon the shear unreliability, fundamental unfairness and irrelevancy of Plaintiff's proposed filing; which is discussed in more detail in Section "B" below.

---

[1] Of note, one of the motions dealt with the ability of one of Plaintiff's attorneys to type the brief. *See* Doc. 38. Plaintiff, though, has used at least four (4) different attorneys to simultaneously litigate this action against Defendant. So respectfully, the ability of one of the attorneys to type, should not have impacted the ability to type of those other attorneys.

[2] Defendant views Plaintiff's proposed filing by Plaintiff as an implicit recognition of Plaintiff's concern pertaining to the strength of the legal authority in favor of Defendants' position on summary judgment. *See* Doc. 33.

**B.    Regardless of the Untimeliness of the Proposed Filing, the Proposed Filing is Procedurally and Substantively Unreliable, Fundamentally Unfair, and Irrelevant.**

*1.    The Proposed Filing is Procedurally Unreliable and Fundamentally Unfair.*

Plaintiff's proposed filing is procedurally unreliable and fundamentally unfair for a number of reasons. For one, in Plaintiff's proposed filing, she attempts to offer the affidavit of a witness, whom she has never disclosed in this action. Two, the purported legal opinion that that witness attempts to espouse is not published anywhere nor has it been subjected to appropriate peer review.[3] Three, Defendant has had no meaningful opportunity to cross-examine the affiant concerning his opinions and the bases therefor. Notably, and with all due respect, the affiant's opinions are based upon Plaintiff's rendition to that affiant of the matters at issue in this case; and there is an implicit bias component given that counsel for Plaintiff (namely Kristi Cahoon) and the affiant are or have both been associated with the University of Richmond.[4]

---

[3] *Compare with* the Virginia Practice Series, which is a published treatise and has been subjected to peer review, and was cited in Defendant's summary judgment memorandum. *See* Doc. 33. And notably, not even the affiant in Plaintiff's proposed filing attempts to contradict that that treatise stands for the legal proposition that shelter is a necessary under the doctrine of necessaries as codified in *Va. Code* § 55-37.

[4] Attorney Kristi Cahoon is a 2006 graduate of the University of Richmond School of Law, and the affiant is a professor at said school. And Interestingly, despite having submitted an Affidavit from her legal assistant in support of Plaintiff's motion for summary judgment herein (*see* Doc. 29 -- specifically the Affidavit of Olga Macias), Attorney Cahoon previously and repeatedly represented to Defendant in correspondence that it was the Fraziers (both Plaintiff and her husband) who desired to keep their home and that it was "their" HAMP modification request. Examples of specific language used by Attorney Cahoon includes but is not limited to the following:

> However the Fraziers remain committed to keeping their home and have enclosed their tax returns and updated Profit & Loss Statement . . . As such we would ask that you would properly consider the Fraziers for a HAMP modification.

*See* Collective Exhibit 1 (specifically Attorney Cahoon's 7/14/10 letter)

*  *  *  *  *

> Upon filing their 2009 tax returns, the Fraziers intend to supplement that in support of their HAMP application . . . As such we would ask that you would consider the Fraziers' HAMP application complete.

*See* Collective Exhibit 1 (specifically, Attorney Cahoon's 8/27/10 letter)

Therefore, Plaintiff's proposed filing is procedurally unreliable and fundamentally unfair, and it should not be considered or given any weight by this Court in this action.

### 2. *The Proposed Filing is Substantively Unreliable and Irrelevant.*

Plaintiff's proposed filing is substantively unreliable and irrelevant. The lack of reliability and the irrelevant nature of the affidavit upon which the proposed filing is premised is readily apparent as enumerated below.

First, the affiant's opinion in the proposed filing is clearly based upon an incorrect understanding of the issue pending before this Court on summary judgment. The issue on summary judgment for this Court is whether Plaintiff is liable for the debt incurred for the provision of a necessary for Plaintiff, namely her shelter. The issue does not concern title to the shelter, nor any attempt by Defendant to assert a judgment lien on the property in this action, as erroneously construed by the affiant. Accordingly, the affiant's opinion is entirely unreliable and irrelevant.

Second, the affiant's incorrect understanding of the issue in this action is magnified by the affiant's reliance on a portion of *Va. Code* § 55-37, which is not even at issue in the underlying summary judgment motion. That is, the affiant premises his opinion around the last sentence in

---

\* \* \* \* \*

> Please consider Mr. Frazier's HAMP application complete. Mr. Frazier and his wife, Victoria Frazier, remain committed to keeping their home and will await your responses to their request for their application a Home Affordable Modification Program (HAMP) loan modification.
>
> *See, e.g.*, Collective Exhibit 1 (specifically, Attorney Cahoon's letters dated 3/8/11, 4/15/11, 7/26/11).

It begs the question that if Plaintiff's husband requests a modification under the federal program HAMP, which his own counsel (who is also Plaintiff's counsel in this action and an officer of this Court) represents to Defendant as "their" application to keep their home, then how is it that Plaintiff is truly not obligated on the debt for her shelter that was incurred (assuming *arguendo*) by her husband for Plaintiff's benefit? Presumably, this information was also not shared with the affiant in Plaintiff's proposed filing.

4

*Va. Code* § 55-37, which provides: "No lien arising out of a judgment under this section shall attach to the judgment debtor's principal residence held by them as tenants by the entireties." See Doc. 45. Notably, Defendant is not seeking to assert a judgment lien on Plaintiff's principal residence via this action, thereby rendering this portion of *Va. Code* § 55-37 irrelevant. The portion of *Va. Code* § 55-37 that is relevant are the two preceding sentences in *Va. Code* § 55-37, which plainly carves out an exception for a wife's liability to a third party for the debts of her husband -- that exception being that a wife (such as Plaintiff) is liable for her husband's debts related to the provision of a necessary for the wife (i.e., such as shelter). A discussion of this relevant provision of *Va. Code* § 55-37 is noticeably absent from the affiant's opinion affidavit.

Third, the affiant's reliance on *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599 (Va. 1951) is clearly misplaced. As an initial matter, *Vasilion* is not even referred to in the case notes to *Va. Code* § 55-37, thereby demonstrating its lack of significance in interpreting that statute. *See Va. Code* § 55-37, Case Notes. Moreover, the facts in *Vasilion* dealt with a pre-existing debt of the husband that was subsequently reduced to a judgment, and which the husband's creditors sought to enforce via a lien on the property owned as tenants by the entirety by the husband and wife -- which property the husband allegedly fraudulently conveyed to the wife to avoid the creditors. *See Vasilion*, 66 S.E.2d 599-602. The facts in the pending action are strikingly different. In the case at bar, the facts concern a debt incurred for the provision of a necessary for Plaintiff, namely her shelter. And the lien for that debt is already attached to that shelter. In this action, Defendant is not prosecuting the case to attach a lien to Plaintiff's shelter; but is instead defending claims by Plaintiff that Defendant inaccurately reported that she was liable for the debt incurred for the shelter. *See* Doc. 33. *Vasilion* does not examine *Va. Code* § 55-37 under such circumstances, and *Vasilion* plainly limits its very brief discussion of the predecessor of *Va.*

*Code* § 55-37 to the facts of *Vasilion* (The Court plainly states: "The effect, if any, of the Virginia Married Women's Property Act (Code, § 55-35, *et. seq.*) **on this case** . . . ") (bold emphasis added). *See Vasilion*, 66 S.E.2d at 604.[5]

Therefore, Plaintiff's proposed filing is substantively unreliable and irrelevant, and it should not be considered or given any weight by this Court in this action.

## III. REQUEST FOR CERTIFICATION OR INTERLOCUTORY APPEAL.

Both parties have acknowledged to the Court that the issue of Plaintiff's liability for the debt incurred for Plaintiff's shelter is a question of law which is the pivotal liability issue in this action. That is, if Plaintiff is liable for the debt incurred for Plaintiff's shelter -- whether through the "Adjustable Rate and Balloon Rider" which she plainly signed, **or** through *Va. Code* § 55-37 and the doctrine of necessaries -- then Plaintiff's action herein against Defendant is rendered moot. In other words, there are no alleged violations by Defendant under the Fair Credit Reporting Act if Plaintiff is in fact liable for the debt for her shelter.

Accordingly, if the Court deems that additional legal authority is needed to interpret *Va. Code* § 55-37 and the doctrine of necessaries (which issue the Court never reaches if the Court finds that Plaintiff is obligated for the debt for her shelter via her signature on the "Adjustable Rate and Balloon Rider"), then Defendant respectfully requests that this Court stay this action and certify that question to the Supreme Court of Virginia; as opposed to considering and relying upon the unreliable, fundamentally unfair and erroneous affidavit upon which Plaintiff's proposed filing is premised. *See, e.g., Tandberg v. Advanced Media Design, Inc.*, 2009 WL 4067717, *4 (FN # 5) (E.D. Va., Nov. 23, 2009) (Virginia law allows a U.S. District to certify a

---

[5] Defendant also takes issue with the affiant's erroneous opinions concerning *Lundell v. Citibank*, 92 F.3d 1192 (9th Cir. 1996). Defendant, though, has adequately briefed the *Lundell* case, and therefore, will not regurgitate that briefing herein. *See* Doc. 33.

question to the Supreme Court of Virginia where there is no controlling authority and the question is dispositive).[6]

Further, if the Court disagrees with Defendant and thinks that Plaintiff is not liable for the debt for her shelter -- which it has been conceded is a question of law -- then Defendant respectfully requests that the Court stay this action and grant an interlocutory appeal to the 4th Circuit on said issue. *See, e.g., Atlantic Textile Group v. Neal*, 191 B.R. 652, 653 (E.D. Va., 1996) (Leave to file interlocutory appeal should be granted only when (1) order involves controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) immediate appeal would materially advance termination of litigation).

Respectfully, Defendant should not be made to incur the expense of further litigating this action through trial when its non-liability is plainly established as a matter of law.

## IV. CONCLUSION.

WHEREFORE, for the forgoing reasons and other good cause, Defendant requests that Plaintiff's motion for leave (Doc. 45) be denied, that the Court deny Plaintiff's Motion for Summary Judgment (Docs. 28 & 29), and that the Court grant Defendant summary judgment in accordance with Rule 56(f) of the *Federal Rules of Civil Procedure* (Doc. 33). Alternatively, Defendant requests that the Court stay this action and certify the legal question of Plaintiff's liability for the debt for her shelter to the Virginia Supreme Court. And alternatively, should the Court be inclined to find that Plaintiff is not liabile for the debt for her shelter as a matter of law, then Defendant requests that the Court stay this action and grant it an interlocutory appeal to the 4th Circuit on said issue.

---

[6] Defendant believes that there is controlling authority -- including but not limited to the plain language of *Va. Code* § 55-37 -- to find in Defendant's favor on the issue of Plaintiff's liability on the debt for her shelter; but if the Court disagrees as to the availability of controlling authority, then Defendant requests that the Court certify the question to the Virginia Supreme Court.

DATED this 20th day of March, 2012.

>Respectfully submitted,
>
>**LITTON LOAN SERVICING, LP**
>
>/s/ Gary L. Edwards
>Gary L. Edwards, Esq.
>VA Bar No. 44848
>Attorney for Litton Loan Servicing, LP
>BAKER, DONELSON, BEARMAN,
>CALDWELL & BERKOWITZ, P.C.
>100 Med Tech Parkway, Suite 200
>P.O. Box 3038
>Johnson City, TN  37602
>(423) 928-0181
>Fax:  (423) 979-7634; gedwards@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2012, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    Leonard A. Bennett, Esq.
    Susan Rotkis, Esq.
    CONSUMER LITIGATION ASSOCIATES PC
    763 J. Clyde Morris Blvd., Suite 1A
    Newport News, Virginia 23601

    Kristi Cahoon Kelly, Esq.
    SUROVELL ISAACS PETERSON & LEVY PLC
    4010 University Drive, 2nd Floor
    Fairfax, Virginia 22030

                                    __/s/ Gary L. Edwards___
                                    Gary L. Edwards, Esq.
                                    VA Bar No. 44848
                                    Attorney for Litton Loan Servicing, LP
                                    BAKER, DONELSON, BEARMAN,
                                    CALDWELL & BERKOWITZ, P.C.
                                    100 Med Tech Parkway, Suite 200
                                    P.O. Box 3038
                                    Johnson City, TN 37602
                                    (423) 928-0181
                                    Fax: (423) 979-7634;
                                    gedwards@bakerdonelson.com