IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VICTORIA L. FRAZIER,

        **Plaintiff**

v.                                                                CIVIL NO. 3:11cv497-JRS

**EXPERIAN INFORMATION
SOLUTIONS, INC.,** *et al.*

        **Defendants.**

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

    COMES NOW the Plaintiff, Victoria Frazier, by counsel, and respectfully replies to the Defendant's Opposition to her motion for leave to file supplemental authority directly related to the Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment (Docket Nos. 33 and 38) and in support of Plaintiff's Reply (Docket No. 37).

    The only authority upon which the Defendant relied in support of its argument that, under the doctrine of necessaries, its consumer reporting was accurate based on the Virginia Practice Series on Family Law and a Ninth Circuit case decided on Arizona community property principles not applicable under Virginia law. Plaintiff argued in its reply that such a legal theory was inapplicable and supplied adequate legal authority in support of her argument. Because of the alternate reality Defendant presented, which is incongruent with consumer finance and reporting jurisprudence, Plaintiff sought out the author of the Virginia Practice Series on Family Law: Peter Swisher. Plaintiff acknowledged Professor Swisher is a lawyer and a law professor,

1

and expressly did not purport to offer him as a witness.[1] Simply, he is the author of the authority upon which Defendant relies and his legal scholarship is at issue based on Defendant's legal theory. Because Professor Swisher was unavailable to provide his affidavit at an earlier time, the Plaintiff supplied his statement with a motion for leave to file supplemental authority. *See, Dennis v. Wells Fargo Bank*, N.A., Civ. No. 2:11CV401-MSD (E.D.Va. Oct. 24, 2011)(Docket No. 29)(granting leave to file supplemental authority in the form of a court's hearing transcript that was not available at the time the plaintiff's response was due).

The Defendant has not cited a single legal authority to support its contention that the motion for leave to file supplemental authority is untimely. Instead of citing any legal authority to support its contention that the supplemental authority is procedurally unreliable and fundamentally unfair, the Defendant has without good faith shown or any evidence whatsoever alleged a preposterous theory of bias and collusion between Professor Swisher and Kristi Cahoon Kelly, an attorney representing the Plaintiff in this case, based on their affiliation with the University of Richmond. (Def.'s Opp'n at 3, n. 4)(Docket No. 46). Despite utter inaccuracy, taking Defendant's argument to its conclusion *reductio ad absurdum*, the entire justice system would grind to a halt based on the suggestion, let alone a rule, that individuals with relationships to the same institutions are inherently biased. Even more absurd is the Defendant's attacks on the

---

[1] Plaintiff did not disclose or designate Professor Swisher as an expert or other witness not only because she does not and has never intended to make him a witness or expert, but also because she only learned of him based on Defendant's mischaracterization of the family law practice guide for the first time in Defendant's Opposition to her motion for summary judgment. At that time, in an effort to refute Defendant's argument, Plaintiff's counsel contacted Professor Swisher's office with no response. Some weeks later, undersigned counsel learned that he had just returned from abroad. Upon his return, counsel provided him all the relevant pleadings in the case and asked for his affidavit concerning the Defendant's reliance on the doctrine of necessaries based on his work. Plaintiff alerted Professor Swisher of the possibility that the court may order or request additional information if the motion for leave is granted, which may be in the form of an expert report.

author of the very authority upon which it relies because the possibility it could protect its inaccurate reporting is foreclosed by Professor Swisher's explanation that the Virginia Practice Series discussion on the doctrine of necessaries does not support a ruling the Defendant urges to court to adopt.

Since the Defendant urges the court to deal in the realm of surreal legal argument, it argues that if the Court grants the Plaintiff's motion it should certify the question to the Virginia Supreme Court on whether the doctrine of necessaries applies in this case. If the court finds against Defendant on this question, then, it requests certification of an interlocutory appeal to the Fourth Circuit. (Def.'s Mem. at 6-7). First, the requests are procedurally improper. The most basic requests for a court order must be filed as motions with law in support. Here, no motion is pending. Regardless, this question is completely inappropriate for certification to the Virginia Supreme Court. The certification process is reserved only for questions of state law that are not only novel and dispositive, but also where the federal court in its discretion finds that it is particularly appropriate for the Supreme Court to expend its resources. *W. Am. Ins. Co. v. Bank of Isle of Wight*, 673 F. Supp. 760, 765 (E.D. Va. 1987) (Ellis, J.)(refusing to certify in a case where the state law questions presented were both novel and dispositive, concerned more complicated issues of insurance law, but the totality of circumstances still militated in favor of denial). Where the federal court is capable of deciding a question properly before it, it should. *Id*. As the court opined in *Bank of Isle of Wight*, "Only the most difficult and most novel issues should be certified. This is neither. Accordingly, this Court declines certification." *Id*.

Likewise, under 15 U.S.C. § 1292(b), Defendant has made no showing that its legal theory is a controlling question of law, that there is any substantial ground for difference of opinion, or that an appeal would advance the termination of the litigation. *Lovelace v.*

*Rockingham Mem'l Hosp.*, 299 F.Supp.2d 617, 622 (W.D.Va. 2003). It is well settled that certification of an interlocutory appeal is within the discretion of the court, but nonetheless extraordinary relief, which the court must circumscribed in granting. *Cooke-Bates v. Bayer Corp.*, Civ. No. 3:10CV261 (E.D.Va. Nov. 16, 2010). The Defendant must show that there is a difference of opinion among the courts, not between the parties, in order to demonstrate that there is an issue suitable for interlocutor. *Id*. (quoting cases). Where one of the three elements does not exist, there is no need to examine the other elements. *Id*. Here, substantial disagreement among the courts cannot be shown because it does not exist. *Id.*

The legal theory presented by the Defendant is without precedent and illogical, thus should be completely discarded. To the extent that the Defendant has even raised and continued to defend the doctrine of necessaries as a reason to attach an obligation on a written instrument, to a consumer-spouse who did not sign it, and then continue to report and verify a derogatory debt based on that doctrine, Plaintiff prays the court consider her supplemental authority to quash that argument completely.

Respectfully Submitted,

Victoria Frazier,

       /s/
Susan Mary Rotkis, VSB #40693
Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
srotkis@clalegal.com
lenbennett@cox.net

Kristi Cahoon Kelly, VSB #72791
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor

>Fairfax, Virginia 22030
>(703) 251-5400
>(703) 591-9285
>kkelly@siplfirm.com
>
>Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21$^{sh}$ day of March, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Gary L. Edwards
Baker Donelson Bearman Caldwell & Berkowitz, PC
100 Med Tech Parkway
Suite 200
Johnson City, TN 37604
Email: gedwards@bakerdonelson.com

>_____/s/_____
>Susan Mary Rotkis, VSB $40693
>CONSUMER LITIGATION ASSOCIATES, P.C.
>763 J. Clyde Morris Blvd., Suite 1A
>Newport News, Virginia 23601
>(757) 930-3660 - Telephone
>(757) 930-3662 – Facsimile
>srotkis@clalegal.com
>
>Counsel for Plaintiff

5