UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| VICTORIA L. FRAZIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL DOCKET NO: 3:11cv497-JRS |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC, TRANS UNION ) | |
| LLC, AND LITTON LOAN ) | |
| SERVICING, L.P., ) | |
| ) | |
| Defendants. ) | |

## LITTON LOAN SERVICING, LP'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

Comes the named Defendant Litton Loan Servicing, LP ("Litton" or "Defendant"), and submits this response in opposition to Plaintiff's Motion to Compel [Doc. 43] and the Memorandum in Support of Plaintiff's Motion to Compel and for Rule 37(c)(1) Sanctions [Doc. 44].

In sum, Plaintiff has mischaracterized and exaggerated Defendant's and its counsel's attempt to perform the requested discovery in this action. Neither Defendant nor its counsel have acted with gamesmanship or sought to obstruct discovery, as suggested by Plaintiff.

Plaintiff's Motion to Compel concerns three areas of discovery: (a) written discovery; (b) a 30(b)(6) deposition of Defendant; and (c) 30(b)(1) depositions of Defendant. Defendant has acted with substantial justification with regard to each area, and Plaintiff has not been harmed.

Nonetheless, if the Court is inclined to apply an automatic exclusion hammer requested by Plaintiff, then Defendant reciprocally requests that that hammer be equally applied to Plaintiff; as commencing with Plaintiff's initial disclosures, Plaintiff's disclosures and discovery

1

responses have been untimely. Such exclusion warrants the dismissal of Plaintiff's case, as such would leave Plaintiff with no evidence for her case-in-chief at trial.

As an alternative -- since cases should be decided on the merits and not on technicalities -- Defendant would request that the Court re-open discovery for sixty (60) days, and reset the trial for June, 2012. There has been no continuances in this case, and the case would still be completed well within one (1) year of its filing.

1. **NEITHER DEFENDANT NOR ITS COUNSEL HAVE ACTED WITH GAMESMANSHIP, OR SOUGHT TO OBSTRUCT DISCOVERY.**

As an initial matter, in a continued attempt to villainize counsel for Defendant before this Court, Plaintiff makes a number of mischaracterizations and exaggerations in her memorandum in support of her motion to compel. For instance, Plaintiff writes that Defendant has obstructed discovery and engaged in gamesmanship. *See, e.g.*, Memorandum in Support of Plaintiff's Motion to Compel and for Rule 37(c)(1) Sanctions, pp. 1 & 9 [Doc. 44]. And at the height of her mischaracterization and exaggeration writes:

> However, after Defendant substituted its counsel any meaningful exchange between the parties ended.

*Id.*, p. 2 [Doc. 44].[1] This is quite troubling, as counsel for Defendant has engaged in several meaningful exchanges with counsel for Plaintiff. As recently as March 1, 2012, counsel for Plaintiff even wrote to counsel for Defendant as follows

> Thanks Gary.
> We really do appreciate your effort and involvement.

*See* Exhibit 1 (attached hereto). So certainly, Plaintiff has overstated her position in this motion.

---

[1] Plaintiff's counsel was aware of the substitution of counsel on or about February 9, 2012.

2

And prior to March 1, 2012, Plaintiff invited Defendant to pursue settlement negotiations before getting too far down the road on discovery. Specifically, on February 15, 2012, Plaintiff's counsel wrote:

> Before your client gets to far down the road, we should determine if settlement is actually a viable option.

*See* Exhibit 2 (attached hereto). In hindsight, this invite is analogous to the invite from the wolf guised as a sheep. Clearly, as of March 1, 2012, negotiations were still ongoing as evidenced by Plaintiff's counsel's appreciative acknowledgement to counsel for Defendant on said date; and despite Plaintiff's knowledge of the February 29, 2012 discovery cutoff, she was not concerned enough about the discovery to file her pending motion to compel until March 9, 2012. Undoubtedly, the filing at the time was precipitated out of a desire to try to gain leverage in the home stretch of negotiations, as opposed to a genuine concern for harm relating to her alleged need for the discovery.

2. **DEFENDANT HAS ACTED WITH SUBSTANTIAL JUSTIFICATION CONCERNING PLAINTIFF'S WRITTEN DISCOVERY.**

To date, Defendant has produced the comments and transactions logs concerning the account related to Plaintiff's home at issue herein, along with a privilege log. *See* Exhibit 3 (attached hereto). Defendant also informed Plaintiff that it had some additional documents to produce, but a protective order was needed. *See* Exhibit 4 (attached hereto).[2] Of note, those documents are documents obtained from Litton's former counsel -- not directly from Litton for purposes of this case -- that upon information and belief are documents produced in another case that counsel had with Plaintiff's counsel concerning Litton; so Plaintiff's counsel will probably

---

[2] The parties subsequently communicated about a scheduling order, but neither has finalized and submitted said order to the Court. *See, e.g.*, Exhibit 4 (attached hereto).

3

acknowledge that those documents are not a surprise to him once a protective order is in place and he has said documents.

In addition, counsel for Defendant received a copy of the case file on March 13, 2012. That file is approximately 2,500 pages. Counsel for Defendant has been reviewing the file for privilege, and should be able to produce the non-privileged documents next week. It is unlikely that Plaintiff will find any surprises in these documents; as many of them are documents they should already have since they largely consist of documents exchanged between the parties. Defendant is still working on locating and compiling documents related to the credit reporting and investigation related thereto. Notably, Defendant noted its need for additional time to investigate and locate information on those topics when it filed its February 24, 2012 response to Plaintiff's motion for summary judgment -- such filing and request being before the discovery cut-off. *See* Litton Loan Servicing, LP's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment [Doc. 33, pp. 2 & 17-19]. As indicated in Defendant's February 24, 2012 filing, Defendant's change in ownership, and its being over-burdened with numerous lawsuits stemming from the well-known U.S. economy collapse in the housing and financing sectors has been an obstacle in meeting the deadlines.

Needless to say, given the requirements of Rule 11, counsel for Defendant is not comfortable submitting written discovery responses until he has information sufficient for such responses, but Defendant has strived to produce documents within reasonable time of their becoming available.

4

3. **DEFENDANT HAS ACTED WITH SUBSTANTIAL JUSTIFICATION CONCERNING PLAINTIFF'S REQUEST FOR A 30(b)(6) DEPOSITION.**

Plaintiff desires a 30(b)(6) deposition of Litton. As an initial matter, Litton has never opposed, nor does it currently oppose, Plaintiff taking a 30(b)(6) deposition on proper topics.[3]

Plaintiff served a Notice for a 30(b)(6) deposition dated February 1, 2012 with an effective service date of February 4, 2012. That Notice requested a locale for a deposition outside of the division wherein this action is pending, and set a date that did not constitute reasonable notice -- i.e., February 15, 2012 (a mere 7-10 business days notice for an entity that has recently been acquired, and who is over-burdened with numerous lawsuits stemming from the well-known U.S. economy collapse in the housing and financing sectors). Counsel for Defendant pointed out to counsel for Plaintiff his issues with Plaintiff's notice, and problems caused thereby. *See* Exhibit 5 (attached thereto). Counsel for Defendant's understanding was that Plaintiff's counsel was in agreement to re-schedule the deposition for a more amicable date and at a more appropriate location.[4] Accordingly, a motion for protective order or to quash the deposition notice was never necessary.

Troublingly, Plaintiff suggests in her memorandum in support of her motion to compel that Defendant did not subsequently provide any alternate dates and locations for the 30(b)(6) deposition. Specifically, she writes:

> Defendant refused to provide any alternate dates and locations . . .

---

[3] Currently, it usually takes 30 to 60 days to secure a witness for a 30(b)(6) deposition of Defendant given the recent change of ownership and Defendant's heavy burden of numerous lawsuits stemming from the well-known U.S. economy collapse in the housing and financing sectors.

[4] Plaintiff suggests that original locale was selected in convenience to Litton's former counsel. Notably, though, there was no prior agreement or arrangements made between Plaintiff's counsel and Litton's former counsel concerning the locale for the 30(b)(6) deposition. *See* Exhibit 5 (attached hereto). In other words, the notice was entirely unilateral by Plaintiff's counsel.

5

*See* Memorandum in Support of Plaintiff's Motion to Compel and For Rule 37(c)(1) Sanctions, p. 5 [Doc. 44]. This is simply incorrect.

For one, counsel for Defendant plainly offered to produce a Litton 30(b)(6) witness in Richmond, Virginia. *See* Exhibits 5 & 6 (attached hereto). Notably, by law, Plaintiff would normally have to travel to Houston, Texas (the principal place of business for Litton) for such a deposition, but Defendant offered a professional accommodation to Plaintiff by offering to produce the witness in Richmond.

Two, counsel for Defendant specifically proposed March 21, 2012 at 10:00 a.m. for that deposition. *See* Exhibit 6 (attached hereto). Counsel for Plaintiff, however, never responded to this proposal. And the lack of response by Plaintiff cannot be attributed to Plaintiff not receiving the correspondence with the proposal, because Plaintiff responded to other inquires set forth in the same correspondence wherein the March 21, 2012 deposition was offered. *See* Exhibit 6 (attached hereto). And the lack of response by Plaintiff cannot be attributed to Plaintiff not being available on March 21, 2012, because Plaintiff subsequently offered March 21, 2012 to counsel for Defendant as a potential date for the hearing on Plaintiff's motion for summary judgment.[5] *See* Exhibit 7 (attached hereto).

4. **DEFENDANT HAS ACTED WITH SUBSTANTIAL JUSTIFICATION CONCERNING PLAINTIFF'S REQUEST FOR 30(B)(1) DEPOSITIONS.**

Plaintiff also desires 30(b)(1) depositions of Defendant. As an initial matter, it is unlikely that any 30(b)(1) witnesses have an independent recollection of the events at issue, as they deal with numerous accounts daily. In an attempt to avoid unnecessary and duplicative discovery, Litton has repeatedly tried to explain this to Plaintiff. Defendant even proposed that Plaintiff

---

[5] The motion for summary judgment occurred on March 22, 2012.

6

conduct the 30(b)(6) deposition, and then counsel could convene as to whether Plaintiff still believed that 30(b)(1) depositions were necessary. *See* Exhibit 5 (attached hereto).

Moreover, Defendant further informed Plaintiff on February 16, 2012, that the two (2) primary operators responsive to Plaintiff's 30(b)(1) notice were no longer employed by Defendant, and therefore, Defendant was not in a position to compel their attendance. *See* Exhibit 5 (attached hereto). To Defendant this ended its obligations concerning any 30(b)(1) depositions; and therefore, Defendant did not believe it necessary to file a motion for protective order or motion to quash. Tellingly, Plaintiff also did not find any motion to compel those depositions necessary until the pending March 9, 2012 filing -- which was after the discovery cut-off.

5. **DEFENDANT HAS ACTED WITH SUBSTANTIAL JUSTIFICATION, PLAINTIFF HAS NOT BEEN HARMED, AND DEFENDANT DEMANDS RECIPROCAL AUTOMATIC EXCLUSION FOR PLAINTIFF'S UNTIMELY DISCLOSURES RESULTING IN DISMISSAL OF HER CASE.**

For the reasons set forth above, Defendant believes that it has acted with substantial justification concerning the discovery requested by Plaintiff, and that no harm has been done to Plaintiff. Notably Plaintiff waited until the last 30 days or so to try to bury the already over-burdened Defendant in discovery through which it made demands which were either inappropriate or under the circumstances impossible to meet; while encouraging Defendant to engage in negotiations before getting to far down the road of discovery. Plaintiff also did not seek any relief from the Court until after the discovery cut-off, which demonstrates her true ulterior motives and disinterest in the discovery.

Nonetheless, it is bittersweet irony in what Plaintiff is requesting the Court to do herein. More particularly, Plaintiff requests that Defendant's evidence be stricken. However, Plaintiff herself failed to comply with the Court's Order concerning the deadline for her initial disclosures

7

-- not producing them until January 19, 2012. *See* Plaintiff's F.R.C.P. 26(a)(1) Disclosures [Doc. 24]. And even more tardy, Plaintiff has sought to supplement her initial disclosures on three (3) occasions after the February 29, 2012 discovery cut-off. *See* Plaintiff's Supplemental F.R.C.P. 26(a)(1) Disclosures [Doc. 40] (filed on March 6, 2012); Plaintiff's Second Supplemental F.R.C.P. 26(a)(1) Disclosures [Doc. 42] (filed on March 8, 2012); and Plaintiff's Third Supplemental F.R.C.P. 26(a)(1) Disclosures [Doc. 49] (filed on March 22, 2012). In addition, Plaintiff did not bother to serve her discovery responses and responsive documents on Defendant's current counsel until after the discovery cut-off by letter dated March 5, 2012, which has an effective service date on Defendant of March 8, 2012.[6] *See* Exhibit 8 (attached thereto). But there is more. Plaintiff served her discovery from former defendants Trans Union and Experian on Defendant by letter dated March 7, 2012, which has an effective service date on Defendant of March 10, 2012. *See* Exhibit 10 (attached hereto). Plaintiff's late initial disclosures compromised Defendant's ability to perform discovery on Plaintiff (i.e., by shortening the time period available for such discovery); while Plaintiff's decision to wait until after the discovery cut-off to produce her documents to Defendant's current counsel, to supplement her initial disclosures, and to produce the third party discovery on which she relies, entirely precluded Defendant from performing discovery (i.e., depositions) related thereto.

So if automatic exclusion is Plaintiff's flavor of choice, then all of Plaintiff's evidence must be excluded, and therefore, her case dismissed for her untimely responses -- which Defendant hereby reciprocally demands in accordance with Rule 37 of the *Federal Rules of Civil*

---

[6] Despite knowing of the substitution of counsel (*see* FN #1, *supra*), Plaintiff sent her discovery responses (without the responsive documents) by email to Defendant's former counsel and not to Defendant's current counsel on February 17, 2012. *See* Exhibit 9. Plaintiff served the discovery responses and documents on Defendant's current counsel by letter dated March 5, 2012, which has an effective service date of March 8, 2012. *See* Exhibit 8 (attached hereto).

8

*Procedure*. The legal maxim of *quid pro quo* dictates that what applies to one party also applies to the other party.

As an alternative -- since cases should be decided on the merits and not on technicalities -- Defendant would request that the Court re-open discovery for sixty (60) days, and reset the trial for June, 2012. There has been no continuances in this case, and the case would still be completed well within 1 year of its filing.

WHEREFORE, for the foregoing reasons and other good cause, Defendant requests that Plaintiff's Motion to Compel [Doc. 43] be denied *in toto*, and that Defendant be granted the relief that it requests in Section No. 5 above.

DATED this 24th day of March, 2012.

Respectfully submitted,

**LITTON LOAN SERVICING, LP**

/s/ Gary L. Edwards
Gary L. Edwards, Esq.
VA Bar No. 44848
Attorney for Litton Loan Servicing, LP
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
100 Med Tech Parkway, Suite 200
P.O. Box 3038
Johnson City, TN 37602
(423) 928-0181
Fax: (423) 979-7634; gedwards@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2012, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    Leonard A. Bennett, Esq.
    Susan Rotkis, Esq.
    CONSUMER LITIGATION ASSOCIATES PC
    763 J. Clyde Morris Blvd., Suite 1A
    Newport News, Virginia 23601

    Kristi Cahoon Kelly, Esq.
    SUROVELL ISAACS PETERSON & LEVY PLC
    4010 University Drive, 2nd Floor
    Fairfax, Virginia 22030

                                     __/s/ Gary L. Edwards___
                                     Gary L. Edwards, Esq.
                                     VA Bar No. 44848
                                     Attorney for Litton Loan Servicing, LP
                                     BAKER, DONELSON, BEARMAN,
                                     CALDWELL & BERKOWITZ, P.C.
                                     100 Med Tech Parkway, Suite 200
                                     P.O. Box 3038
                                     Johnson City, TN 37602
                                     (423) 928-0181
                                     Fax: (423) 979-7634;
                                     gedwards@bakerdonelson.com