DEFENDANT'S EXHIBIT 5

**Edwards, Gary**

**From:** Edwards, Gary
**Sent:** Thursday, February 16, 2012 3:16 PM
**To:** 'Leonard Bennett'
**Cc:** 'Susan Rotkis'; 'lenbennett@cox.net Bennett'; 'kkelly@smillaw.com'; 'omacias@smillaw.com'; 'Matt Erausquin'; 'Vicki Ward'
**Subject:** RE: Frazier v. Litton (Deposition Notices)

Len –

I want to clarify and follow-up on a few matters in the above action:

1. Litton Loan Servicing, LLC ("Litton") has been acquired, and therefore has a new parent. Litton, though, remains as an entity. A supplemental Financial Disclosure Statement will be forthcoming. My representation in this matter is on behalf of Litton.

2. With regard to the 30(b)(1) depositions of Litton, we continue to stand-by our objections – which have been a topic of discussion in our email threads below. Without waiving our objections or further belaboring that issue at this juncture, we have looked into the identity of the persons to whom your 30(b)(1) request pertains. It appears that the two persons responsive to your request are Martha Castillo and Diane McKinney. Neither of those persons are still employed by Litton. Therefore, Litton does not have the authority or obligation to produce either person for a deposition. So I think the issue of the 30(b)(1) depositions of Litton that you have requested is moot. Please let me now if you disagree.

Regards

Gary Edwards, Esq.
Baker Donelson

---

**From:** Edwards, Gary
**Sent:** Wednesday, February 15, 2012 4:25 PM
**To:** 'Leonard Bennett'
**Cc:** Susan Rotkis; lenbennett@cox.net Bennett; kkelly@smillaw.com; omacias@smillaw.com; Matt Erausquin; Vicki Ward
**Subject:** RE: Frazier v. Litton (Deposition Notices)

Hi Len –

I do take exception to the verbal attack on me in your email below. I really think it was uncalled for.

I am attaching a copy of the case to which you cited me for your ease of reference; so that you can see that I am not the one wrong here. That case does not even pertain to discovery duplication as it relates to 30(b)(6) and 30(b)(1) depositions. In addition, the E.D. Va., even stated as follows in *Cappetta*:

"Rule 26(b)(2)(C) permits a court, either on motion or sua sponte, to limit discovery where 'the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.'"

I hope this helps resolve the issue.

Regards

Gary Edwards, Esq.
Baker Donelson

---

**From:** Leonard Bennett [mailto:lenbennett@clalegal.com]
**Sent:** Wednesday, February 15, 2012 4:07 PM
**To:** Edwards, Gary
**Cc:** Susan Rotkis; lenbennett@cox.net Bennett; kkelly@smillaw.com; omacias@smillaw.com; Matt Erausquin; Vicki Ward
**Subject:** Re: Frazier v. Litton (Deposition Notices)

We have noticed the 30b1s. You at wrong. So wrong it indicates you have not even read the Va annotations, let alone Wright Miller or Westaw.

The call today can resolve the 30b6 topics, but we need the 30b1s first.

Sent from my iPad

On Feb 15, 2012, at 3:38 PM, "Edwards, Gary" <gedwards@bakerdonelson.com> wrote:

> Hi Suzy –
>
> I will be happy to have a conference call with you this afternoon. My number is 423-928-0181.
>
> With regard to your request for depositions, my understanding is that your request for those depositions was first made by notice dated February 1, 2012 (which has an effective service date of February 4, 2012 – which is a Saturday). So there has been only minimal business days that have transpired since your request for certain depositions. As you know, I sent you a response letter on February 13 indicating that I would work with you on getting the 30(b)(6) deposition scheduled. Len replied with an email yesterday (February 14) afternoon demanding that I provide you with dates and locales by close of business today. With all due respect, the unilateral deadlines that you seek to impose are just not reasonable. The defendant Litton has recently been acquired by Ocwen. My client is a large entity, and I must go through certain procedures to obtain a 30(b)(6) witness, dates and locales. The timing of your request has simply not given us a sufficient amount of time.
>
> As previously indicated, we do not object to producing a 30(b)(6) witness of my client to testify on non-objectionable topics. I do not yet, though, have a proposed date for that deposition; but I will let you know that as soon as I have it. I do believe, though, that we will produce that witness in Richmond (as opposed to making you travel to where that witness is located). Therefore, a motion to compel that deposition is entirely unnecessary, and I would question the true motives behind the filing of any such motion.
>
> With regard to the 30(b)(1) depositions that you have requested, Len suggested in his correspondence of yesterday afternoon that the case of Cappetta v. G.C. Services held that 30(b)(1) depositions of topics covered by 30(b)(6) deponents are permitted even if they are duplicative. I have reviewed that case, and respectfully, I did not see any such

holding in that case. My understanding is that the Court frowns upon duplicative and unnecessary discovery. I would again request that you reconsider your desire to take the requested 30(b)(1) depositions. We maintain our objections to your taking those depositions as they will be duplicative and a waste of time as it is unlikely that the deponents will have any independent knowledge other than what is in the documents to which the 30(b)(6) deponent will be testifying. As indicated, we will be glad to revisit the necessity of the 30(b)(1) depositions after your 30(b)(6) deposition should you still believe they are not duplicative and an unduly burdensome waste of time and money.

As for the issues you raise about your written discovery, I will look into your issues, and follow-up with you by the end of the day tomorrow.

Regards

Gary Edwards, Esq.
Baker Donelson

---

**From:** Susan M. Rotkis [mailto:srotkis@clalegal.com]
**Sent:** Wednesday, February 15, 2012 11:11 AM
**To:** Edwards, Gary
**Cc:** lenbennett@cox.net Bennett; Leonard Bennett; kkelly@smillaw.com; omacias@smillaw.com; Matt Erausquin; Vicki Ward
**Subject:** Re: Frazier v. Litton (Deposition Notices)

By E-mail

Gary Edwards
Baker Donelson Bearman
Caldwell & Berkowitz, PC
P.O. Box 3038
Johnson City, TN 37602

RE: Frazier v. Experian Info. Sols., et al., 3:11cv487-JRS
Deposition Schedules & Defendant's Discovery Responses

Dear Mr. Edwards:

I write today to follow up on your February 13, 2012, correspondence to Mr. Bennett and me, as well as Mr. Bennett's emails to you yesterday, February 14, 2012, expressing Plaintiff's desire to set depositions as soon as possible. I realize you are new to the case, and thus we will be as cooperative as possible under the circumstances and

the scheduling order. However, we have been diligently litigating this case and see not reason it cannot move forward expeditiously.

Let me address the issues raised by you in turn and assure you that Plaintiff's counsel has been in regular contact with Litton's prior counsel throughout the pendency of this case. To date, Litton has not provided any dates for the depositions of its Rule 30(b)(1) or Rule 30(b)(6) witnesses. We insist on taking the depositions of the Rule 30(b)(1) fact witnesses forthwith, but will be most agreeable to working with you on dates and locations convenient to the witnesses. Furthermore, we are agreeable, as ever, to the scheduling of a Rule 30(b)(6) deposition to be in Richmond, Virginia. To be clear, we noticed the corporate designee's deposition to be in Virginia Beach for the sole convenience of defense counsel as has been our practice when opposing Troutman Sanders. Thank you for your advance offer to extend the February 28, 2012, discovery deadline for the sole purpose of scheduling depositions in this matter, however, depending on what we discuss in our conversation today, I do not know that it will be necessary. As Mr. Bennett has already indicated, it is established in our district and division that the deposition of the party witnesses we have noticed are proper, not duplicative and court has rejected such positions.

Mr. Bennett has asked that we talk by the end of business today in order to schedule these depositions. The noon hour approaches and as neither Ms. Kelly not I have not heard from you yet, I am confirming that I am available to talk today anytime for this purpose. If I am not at my desk, you can call my cell phone 804-263-2201.

I would also like to address your letter indicating that you enclosed Litton Loan Servicing, LP's discovery responses. Enclosed with your letter were document Bates No. 403-507 and a privilege log containing 17 pages outlining documents that were withheld.

We propounded discovery on December 23, 2011. We provided an extension to prior counsel to respond on February 3, 2012, and again for responses due February 9, 2012. When we were informed that you were going to

substitute as counsel, we agreed to provide an additional three-day extension, making all responses due on February 12, 2012.

Having reviewed everything you provided to us on February 13, 2012, we consider to be non-responsive to our discovery. First, to date, we have not received documents Bates numbered 1-402. Nor have we received any pleadings or any Interrogatory responses.

We have already participated in a meet and confer with Litton's counsel regarding our requests for discovery and do not believe it is necessary to schedule another meet and confer prior to filing a motion to compel under Rule 37a. However, if you produce full and complete responses by close of business tomorrow, Feburary 16, 2012, we will not file such a motion.

I look forward to hearing from you today.

Sincerely,

Susy

On Feb 13, 2012, at 6:58 PM, Edwards, Gary wrote:

Len –

Please see the attached correspondence regarding your recent deposition notices.

Regards

Gary Edwards, Esq.
Baker Donelson
(423) 928-0181

---

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including in any attachments and, if this communication is by email, then in any part of the same series of emails), such advice was not intended or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

<DOC.PDF>

Susan M. Rotkis, Esq.
Consumer Litigation Associates, P.C.

763 J. Clyde Morris Blvd. 1-A
Newport News, VA 23601
(757) 930-3660
(757) 930-3662 facsimile

This message contains information from Consumer Litigation Associates, Inc. which may be confidential and privileged. If you are not an intended recipient and have received this transmission in error, please contact (757) 930-3660 to report same.

---

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including in any attachments and, if this communication is by email, then in any part of the same series of emails), such advice was not intended or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.



BAKER
DONELSON
BEARMAN, CALDWELL
& BERKOWITZ, PC

TRI-CITIES TENNESSEE/VIRGINIA
100 MED TECH PARKWAY
SUITE 200
JOHNSON CITY, TENNESSEE 37604
PHONE: 423.928.0181
FAX: 423.928.5694
KINGSPORT: 423.246.6191
MAILING ADDRESS:
P.O. BOX 3038
JOHNSON CITY, TENNESSEE 37602

www.bakerdonelson.com

GARY EDWARDS
**Direct Dial**: 423-975-7634
**Direct Fax**: 423-979-7634
**E-Mail Address**: gedwards@bakerdonelson.com

February 13, 2012

**VIA EMAIL (2/13/12) AND**
**REGULAR MAIL (2/14/12)**
Leonard Anthony Bennett, Esq.
Susan Mary Rotkis, Esq.
Consumer Litigation Associates, PC
12515 Warwick Blvd., Suite 1000
Newport News, VA 23606
lenbennett@cox.net; lenbennett@clalegal.com;
srotkis@clalegal.com

Re: *Victoria L. Frazier v. Experian Information Solutions, et. al.*;
U.S. District Court for the Eastern District of Virginia (Richmond Division);
Case No. 3:11cv497-JRS.

Dear Len:

We are in receipt of the two (2) deposition notices that you recently served in the above action. In one notice, you request a 30(b)(6) deposition of Litton Loan Servicing LP on February 15, 2012 in Virginia Beach, Virginia; and in the other notice you request certain 30(b)(1) depositions on February 23, 2012 in Virginia Beach, Virginia. It is my understanding that you noticed those depositions without any prior correspondence with counsel for Litton; but have subsequently agreed to reschedule those depositions.

Out of an abundance of precaution, we wanted to let you know in advance of February 15, 2012 that we view the notices as improper, untimely and unreasonable under the *Federal Rules of Civil Procedure*; and therefore we will <u>not</u> be appearing for those depositions or presenting a witness at the times and locales set forth in your notices. For instance, you have not given us a sufficient amount of notice to present a 30(b)(6) deposition of Litton, and you have noticed all of the requested depositions in improper locations. We also view the requested 30(b)(1) depositions as duplicative, and unlikely to result in any additional information other than that obtained in your 30(b)(6) deposition. Accordingly, we object to the requested depositions and notices.

J GLE 126745 v1

0-0 02/13/2012

We will, though, agree to present a Litton 30(b)(6) representative/s in the jurisdiction wherein the case is pending (i.e., Richmond) on a day mutually available to the parties and their counsel. We propose that after that deposition we discuss whether any 30(b)(1) depositions are truly necessary. Notably, any 30(b)(1) depositions that are ultimately taken will need to be taken in the locale wherein the deponent resides. Please let me know your availability for the 30(b)(6) deposition in Richmond. We request that that deposition be scheduled at least 30 days in advance, and we do not object to you taking the deposition after the February 28 discovery deadline, if necessary.

Thank you for your attention to this matter, and I look forward to hearing back from you.

Sincerely,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

Gary Edwards

cc: Kristi Cahoon Kelly, Esq. (via email only: kkelly@smillaw.com; omacias@smillaw.com)

J GLE 126745 v1

0-0 02/13/2012