UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

VICTORIA L. FRAZIER,

                Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC. *et al.*,

                Defendants.

Civil Action No. 3:11–CV–497

## **MEMORANDUM ORDER**

THIS MATTER comes before the Court on a Motion to Compel filed by Plaintiff Victoria Frazier. (ECF No. 43.) Plaintiff Frazier moves the Court for an order excluding certain evidence that Defendant Litton Loan Servicing, LP ("Defendant") may seek to later introduce. Additionally or alternatively, Plaintiff moves the Court to order Defendant to fulfill its discovery obligations. On March 28, 2012, the Court heard oral argument on the Motion. Upon due consideration, the Court GRANTS the Motion.

It is clear from the parties' briefs and oral argument that Defendant has failed to meet its discovery obligations and Plaintiff has satisfied her obligation to confer in good faith with Defendant to obtain discovery. Plaintiff timely served her February 1 notice on Defendant, and Defendant has simply failed to respond in any meaningful way. Thus, Plaintiff is entitled to a favorable ruling on her motion to compel. Accordingly, the Court hereby COMPELS Defendant to produce:

    (1) witnesses for Rule 30(b) depositions;

    (2) interrogatory answers under Rule 33 as requested by Plaintiff; and

    (3) documents under Rule 34 as requested by Plaintiff.

Outside of its February 13 privilege log timely produced, Defendant has waived the opportunity to claim privilege over any such information.

Furthermore, the Court finds an award of reasonable attorneys' fees and costs incurred by Plaintiff in bringing the motion to compel appropriate. If Defendant fails to provide the compelled discovery in a timely fashion, the Court will consider additional sanctions including the exclusion of evidence not previously produced, prohibition of witnesses not previously identified, and potentially even striking Defendant's Answer and affirmative defenses for failure to satisfactorily participate in the litigation process.

The Court reminds Defendant that if it has a problem with answering discovery requests, there are proper mechanisms by which Defendant may respond, including moving for a protective order and timely request for an extension—none of which was done here. Because of Defendant's blatant failures in discovery, Defendant will not be heard to complain now and is ORDERED to comply with this Order forthwith.

Let the Clerk send a copy of this Order to all parties and counsel of record.

It is SO ORDERED.

                                            /s/
                                 James R. Spencer
                               United States District Judge

ENTERED this   29th   day of March 2012.